639 P.2d 377

**In the Matter of the APPEAL IN PINAL COUNTY, JUVENILE ACTION NO. J–169.**

**No. 2 CA–CIV 4085.**

Court of Appeals of Arizona, Division 2.

Dec. 9, 1981.

Echeverria, Glenn & Howard by Dwight P. Callahan, Casa Grande, for appellant juvenile.

Roy A. Mendoza, Pinal County Atty. by Montgomery Lee, Deputy County Atty., Florence, for appellee.

## OPINION

BIRDSALL, Judge.

The juvenile in this case was adjudged delinquent, having admitted the commission of a simple assault. A dispositional hearing was held on February 23, 1981, and he was placed on probation for an indefinite time. Nothing appears in the written order and conditions of probation concerning his physical placement. However, at the hearing, in response to a question from the juvenile, the juvenile judge said:

> "You are not a first-timer over here, so I suggest that you—if you want to do what your mother says that she thinks she can do with you—that is straighten up your act—you better make up your mind to do that. Otherwise, you are going to be placed outside the home."

Following that hearing the juvenile was released and returned to his home with his mother.

On its own motion the juvenile court held a subsequent hearing on May 11th. The written order entered at that hearing recites that the matter came before the court on February 23rd for dispositional hearing, and that the juvenile had been made a ward of the court ... and then proceeds to place the juvenile with a private agency, presumably in their residential program. This order would remove the juvenile from his home and would thus constitute a change in his placement and, we believe, a modification of the conditions of probation. No petition was filed for either modification or revocation of probation. No written notice of the May hearing was given, much less a notice which would advise the juvenile of the purpose of the hearing. Nothing suggests that the February 23rd dispositional hearing was continued in order to make further disposition.

This appeal is from the May 11th "dispositional order." The juvenile contends that the juvenile court erred in ordering his placement outside the home without notice and without a hearing in which some alleged violation of his probation was found.

We vacate the May 11th order.

A.R.S. § 8–241(A)(2) provides that disposition of a delinquent child may be made by "awarding" the juvenile:

"(a) To the care of his parents, subject to supervision of a probation department.

(b) To a probation department, subject to such conditions as the court may impose.

(c) To a reputable citizen of good moral character, subject to the supervision of a probation department.

(d) To a private agency or institution, subject to the supervision of a probation officer.

(e) To the department of corrections without further directions as to placement by that department.

(f) To maternal or paternal relatives, subject to the supervision of a probation department."

The power of the juvenile court to make a disposition of a delinquent child is limited to the six choices enumerated in the statute. *State v. Collins,* 122 Ariz. 550, 596 P.2d 385 (App.1979). We therefore presume that the court intended its initial disposition to be under subparagraph (a) or (b) of the statute. Because the court did not use the language of the statute in its February order, we are unable to determine

whether it intended to award the juvenile to his mother, subject to the supervision of the probation department (subparagraph (a)), or to the probation department, subject to a condition of physical placement with the mother (subparagraph (b)). In either case, however, the initial disposition was significantly different from the purported disposition of May 11, which would fall under subparagraph (d). It is therefore evident that the action of May 11 amounted to a reconsideration and modification of the initial disposition.

We recognize that the juvenile court has continuing jurisdiction to modify the initial disposition of a juvenile who has not been committed to the Department of Corrections. *Cf. State v. Collins, supra* (court may not reconsider commitment to Department of Corrections). We believe, however, that this jurisdiction must be exercised in accordance with the due process standards enunciated in *Application of Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The most basic of such standards are those of notice and hearing. Neither of those important procedural safeguards was afforded in this case.

As already mentioned, the juvenile was given no notice of the reasons for the May 11 hearing, nor was he even given notice that such a hearing was to be held. Just as the due process guarantee requires that the juvenile be informed of the charges against him in the initial delinquency proceeding, we believe it also requires that he be notified of the reasons for the court's reconsideration of the initial disposition. Without such notice it is difficult to oppose modification or even to decide *whether* to oppose it.

A hearing was held in this case. The requirements of due process, however, are not necessarily satisfied simply because a proceeding called a "hearing" is conducted. It is true that neither the Juvenile Courts, A.R.S. § 8–201 et seq., nor the Rules of Procedure for Juvenile Court, 17A A.R.S., contain any specific provisions concerning the modification of a juvenile disposition (unless a modification is the result of a petition for revocation of probation, *see*

Rule 10). Such provisions do appear in both the Criminal Code, A.R.S. § 13–901(C), and the Rules of Criminal Procedure, 17 A.R.S. While the latter provisions do not apply of their own force in juvenile proceedings, judicial interpretations of those provisions provide useful guidance in determining the requirements of due process in a juvenile setting. We refer specifically to the decision of Division One of this court in *Burton v. Superior Court,* 27 Ariz.App. 797, 558 P.2d 992 (1977).

In *Burton,* the court considered both Rule 27.2 of the Arizona Rules of Criminal Procedure and former A.R.S. § 13–1657(D), the predecessor of A.R.S. § 13–901(C). The court held that where neither the petition for modification nor the evidence introduced at the subsequent hearing showed any changed circumstances or any reasonable basis justifying the addition of a new probation condition (restitution), the trial court abused its discretion by imposing the new condition.

We believe the same reasoning to be applicable here. We therefore hold that, absent consent, the juvenile court may not modify probation (or change the disposition of a delinquent juvenile) unless there has first been a petition filed alleging the reasons for the desired modification, the juvenile has been given adequate notice and an opportunity to contest the modification and present evidence, and the evidence presented is sufficient to convince the juvenile court of a changed circumstance or other reasonable basis justifying the modification.

The order placing the child with Vision Quest is vacated and the case is remanded for further proceedings.

HATHAWAY, C. J., and HOWARD, J., concur.