970 P.2d 452

**In Re ALTON D.**

**No. 1 CA–JV 98–0124.**

Court of Appeals of Arizona,
Division 1, Department C.

Dec. 24, 1998.

As Amended Feb. 2, 1999.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Richard M. Romley, Maricopa County Attorney by Patricia A. Nigro, Deputy County Attorney, Phoenix, for Appellant.

Daniel Saint III, Phoenix, for Appellee Juvenile.

## OPINION

VOSS, Judge.

¶ 1 The state appeals from the juvenile court's disposition order, contending that the court erred in imposing a deadline by which the victims could submit a restitution request. We hold that the juvenile court may properly impose a reasonable deadline in order to give the juvenile a speedy disposition from which he may appeal. We conclude, however, that because the juvenile's delinquency adjudication was based upon a plea agreement in which he agreed to pay a capped amount of restitution, the state is not precluded, during the period of the juvenile's probation, from seeking subsequent modification of the juvenile's terms of probation to include a restitution payment order, if and

when the amount becomes known. Because our analysis disagrees, in part, with the recent decision by another panel of this court in *In re Frank H.*, 1 CA–JV 98–0055, 193 Ariz. 433, 973 P.2d 1194, 1998 WL 761684 (Ariz.App. filed Nov. 3, 1998), we issue this opinion.

### Facts and Procedural Background

¶ 2 On April 1, 1998, the juvenile was adjudicated delinquent after admitting to criminal trespass, a class 6 felony. As part of his admission agreement, the juvenile agreed to pay restitution not exceeding $3000. At the disposition hearing on May 8, 1998, the court placed the juvenile on probation. Although the restitution order states: "RESTITUTION: capped at $3000.00 to victims," the court further ordered:

> IT IS ORDERED THAT THE ISSUE OF RESTITUTION SHALL REMAIN OPEN UNTIL JUNE 10, 1998. THE ASSIGNED COUNTY ATTORNEY AND CURRENT PROBATION OFFICER SHALL CONTACT THE VICTIMS TO ADVISE THAT IF A VERIFIED VICTIM STATEMENT IS NOT RECEIVED BY EITHER THE COUNTY ATTORNEY'S OFFICE OR PROBATION DEPARTMENT BY JUNE 10, 1998, RESTITUTION MAY BE DEEMED TO BE CLOSED.

The state timely appealed from this order.

### Discussion

¶ 3 The state contends that the court erred in imposing a restitution deadline because a juvenile is required to "make full or partial restitution to the victim." A.R.S. § 8–241(H). The state argues that the court retains jurisdiction over the juvenile to impose restitution in the future after considering the victim's claims "if and when they are submitted."

¶ 4 The juvenile points out that the court was required to make a timely disposition once the juvenile was adjudicated delinquent. *See* Rule 6.1, Rules of Procedure for the Juvenile Court.[1] Because the court cannot

---

1. Rule 6.1(f) provides as follows:
   **(f) Time Limits for Disposition.**

   (1) *Setting Date.* A disposition hearing shall be held for a detained child no later than thirty

establish an amount of restitution without the victim's providing information about economic loss within a reasonable time after adjudication, the juvenile contends it was not error to deem the matter "closed."

¶5 We do not construe the time limits imposed by the court to be a final "deadline" foreclosing imposition of an amount of full or partial restitution at any time during the juvenile's probation. Rather, we conclude that the court's time limit of June 10, 1998, after which restitution was "deemed to be closed," was for purposes of timely issuing the dispositional order. Nevertheless, because the import of the "deadline" appears to be ambiguous in this case, we clarify the order in this decision.

■ ¶6 A speedy disposition of a juvenile offender is essential to achieving the goals of rehabilitation. *In re Frank H.*, 193 Ariz. at 436, 973 P.2d at 1197, 1998 WL 761684; *Maricopa County Juv. Action No. J–74222*, 20 Ariz.App. 570, 571, 514 P.2d 741, 742 (1973). The juvenile is also entitled to a prompt appeal. *In re Frank H.*, 193 Ariz. at 437, 973 P.2d at 1198, 1998 WL 761684; *see* A.R.S. § 8–236. In furtherance of those interests, the juvenile court may impose a reasonable deadline to determine an amount of restitution to be included in the disposition order, from which the juvenile may appeal. *In re Frank H.*, 193 Ariz. at 436, 973 P.2d at 1197, 1998 WL 761684. We therefore find no error in the juvenile court's deadline of June 10, 1998, by which to submit a restitution amount to include in the initial disposition order.

■ ¶7 In determining the effect of that deadline, however, we distinguish this case from the broad rule set forth in *Frank H.*, which foreclosed the entry of a restitution order after the juvenile court's deadline and issuance of the disposition order. Under the specific facts before us, where the juvenile

has agreed to pay a capped amount of restitution as part of his plea agreement, and where the initial disposition places him on probation and notes the capped amount of restitution to be paid, we disagree that the victims are barred from bringing a subsequent claim for restitution during the period of the juvenile's probation.

■ ¶8 At the time of disposition, lacking any evidence of the amount of economic damage to the victim as a result of the juvenile's offense, the juvenile court could not impose restitution. *See Maricopa County Juv. Action No. 128676*, 177 Ariz. 352, 354, 868 P.2d 365, 367 (App.1994)(juvenile cannot be ordered to pay restitution absent evidence that victim's loss is directly related to juvenile's offense); *Maricopa County Juv. Action No. J–96304*, 147 Ariz. 153, 155, 708 P.2d 1344, 1346 (App.1985)(court cannot order a speculative amount of restitution).

¶9 Restitution is not waived, however, by the victim's failure to provide information establishing the amount of economic loss prior to the disposition hearing. *See State v. Contreras*, 180 Ariz. 450, 454, 885 P.2d 138, 142 (App.1994); *State v. Holguin*, 177 Ariz. 589, 591, 870 P.2d 407, 409 (App.1993). In *Contreras*, we held that a criminal defendant's terms of probation could be modified to include restitution at a later date, even without any grounds to support revocation. 180 Ariz. at 452, 885 P.2d at 140. Contreras had entered a written plea agreement that provided for restitution, but, because the victim had not responded to inquiries regarding the amount of economic loss by the time of sentencing, no restitution was ordered as a condition of probation at that time. When the victim provided information of loss two months later, the court modified the terms of probation to impose the requirement of restitution. In affirming that modification, we stated:

In this case, the defendant had notice of his obligation to pay restitution from both

(30) days after the adjudication of delinquency or incorrigibility and for a non-detained child not later than forty-five (45) days after the date of adjudication of delinquency or incorrigibility.

(2) *Continuance or Deferral of Disposition.* Disposition may be deferred or continued on

motion of counsel, or on the court's own motion, for good cause, except that disposition of a detained juvenile may not be deferred for more than thirty (30) days after the date initially set for disposition without the juvenile's consent given in open court.

the written plea agreement and his discussion with the trial court at the change-of-plea hearing. Although the court did not order restitution in the original disposition, nothing in the record precluded it upon the court's subsequent receipt of a valuation of the victim's economic losses. When the victims did come forward, the defendant was given notice and allowed to contest the information they presented at two restitution hearings, satisfying any due process concerns. The trial court found that, despite a "breakdown in communications" in the victims making the amount of their restitution claims known to the court, they were nonetheless entitled to restitution. Given the trial court's continuing jurisdiction over probationary terms until successful completion of probation, the mandatory nature of restitution, and the procedure and facts of this case, the trial court did not exceed its jurisdiction or abuse its discretion in granting the modification of the defendant's terms of probation.

*Id.* at 454, 885 P.2d at 142.

¶ 10 In the context of probation modifications, we have previously found "useful guidance" in the application of judicial interpretations of analogous criminal provisions to the juvenile setting. *Pinal County Juv. Action No. J–169*, 131 Ariz. 187, 189, 639 P.2d 377, 379 (App.1981). Likewise, we find it appropriate to apply the principles of *Contreras* here. The juvenile entered an admission agreement that included restitution payments not to exceed $3000. The disposition order indicates that restitution of up to $3000 is owed to the victims. The trial court did not have evidence before it at the time of disposition to support a valuation of the

amount of restitution owed in the original terms of probation, and therefore could not impose it. Nothing in the court's order deeming the restitution order "closed" at the time of disposition, however, precluded a future modification to include restitution as a term of probation, if and when the amount becomes ascertainable during the period of the juvenile's probation.

¶ 11 This court recently reached a different conclusion regarding the effect of the restitution deadline in *Frank H.* That case, however, was a consolidation of eight juvenile appeals, only five of which involved plea agreements, and only three of those involved dispositions of probation. The court did not distinguish those circumstances from the other appeals before it. Reasoning that the restitution issue must be resolved to make the disposition order "final" and thus appealable, the court concluded that allowing restitution claims of victims to be submitted regardless of a dispositional deadline would have the effect of allowing a dilatory victim to "potentially block a juvenile from appealing his delinquency adjudication until just before the juvenile court loses jurisdiction on the juvenile's eighteenth birthday," which would "arbitrarily nullify many juveniles' statutory rights to appeal." *Frank H.*, 193 Ariz. at 436, 973 P.2d at 1197, 1998 WL 761684.

¶ 12 The broad general rule set forth in *Frank H.* does not apply in this case, nor are the policy concerns expressed there present here. Even assuming that the juvenile court's deadline of June 10, 1998, made the disposition order imposing probation "final," and thus appealable,[2] that disposition order

---

2. In *Frank H.*, the court relied on the principles of "final order" set forth in *In re Eric L.*, 189 Ariz. 482, 484, 943 P.2d 842, 844 (App. 1997). In *Eric L.*, we held that a restitution order, entered after the adjudication and disposition orders in a juvenile delinquency proceeding, constituted the "final order" from which the juvenile's appeal time would run. 189 Ariz. at 483–84, 943 P.2d at 843–44. In that case, the disposition order placing the juvenile on probation was entered on April 25, 1996, but the restitution order was not entered until May 28, 1996. The state argued that the juvenile's appeal, filed on June 11, 1996, was untimely as to the disposition order. We disagreed, reasoning that, since the 1983 legislative

amendment to A.R.S. § 8–241(D)(1) making juvenile restitution mandatory, "the order denominated 'disposition' is necessarily interlocutory in nature when restitution remains an unresolved issue. The juvenile's disposition is therefore not final until restitution has been considered and ruled upon." *Id.* at 484, 943 P.2d at 844.

The narrow issue in *Eric L.* was whether the juvenile had lost his right to timely appeal from the disposition order because he waited for issuance of the restitution order, a month later, to appeal from both. *Eric L.* did not address, however, the appealability of a separate order modifying the juvenile's terms of probation after the

did not foreclose future modification of the terms of the juvenile's probation to include the amount of restitution and the manner in which it shall be paid under the principles of *Contreras*.

¶ 13 The juvenile court's power to impose terms of probation that control the behavior of a delinquent child arises "out of the need to attempt the rehabilitation of the child and to protect society from further delinquent acts." *Pima County Juv. Action No. J–20705–3*, 133 Ariz. 296, 297, 650 P.2d 1278, 1279 (App.1982); *see* A.R.S. § 8–241(A)(2)(b)(juvenile court may award delinquent child to probation department, "subject to such conditions as the court may impose"); Rule 8, Arizona Rules of Procedure for the Juvenile Court (if disposition is probation, "the order shall set forth the conditions of probation"). The only restrictions on that power are that the conditions of probation may not violate basic fundamental rights and must bear a relationship to the purpose of probation. *Id.* at 298, 650 P.2d at 1280. The juvenile court also retains jurisdiction over the juvenile during his probationary period to modify the terms of probation, subject to due process protections of notice and an opportunity to contest the modification. *Pinal County Juv. Action No. J–169*, 131 Ariz. 187, 189, 639 P.2d 377, 379 (App.1981); *see* Rule 10.1, Arizona Rules of Procedure for the Juvenile Court (court may modify any condition which it has imposed); *see also State v. Korzuch*, 186 Ariz. 190, 194, 920 P.2d 312, 316 (1996)(applying due process protections to criminal probation modifications).

¶ 14 This court has long entertained appeals from orders modifying terms of probation, treating them as separate "final" disposition orders. *See, e.g., Pinal County Juv. Action No. J–169*, 131 Ariz. at 188, 639 P.2d at 378 (appeal was from May 11th "dispositional order" modifying terms of probation imposed at February 20th dispositional hearing). This is also analogous to probation modification orders in the criminal context, which are separately appealable. *See, e.g., State v. Foy*, 176 Ariz. 166, 859 P.2d 789

(App.1993)(appeal was from May 19th modification of terms of probation imposed on October 9th). Here, although the deadline imposes a date by which the amount of restitution must be established in order to have it included in the initial disposition order, the deadline does not, in our opinion, foreclose a subsequent modification of the juvenile's terms of probation to include a separately appealable restitution order, in an amount that the juvenile has agreed to pay under the terms of his plea agreement, when and if that amount becomes known during the probationary period, based on the principles set forth in *Contreras*. If the juvenile has a due process argument regarding the timing, the manner of imposition, or the amount of restitution, it may be raised at that time.

¶ 15 Treating any subsequent modification order as a separately appealable order, in our view, promotes the victim's right to be made whole and also affords the juvenile prompt rehabilitative treatment, which includes restitution, in a speedy and effective manner. A juvenile is normally not placed on probation for a period longer than one year. *See* A.R.S. § 8–241(B). The victim's claim for a specific amount of restitution would necessarily be limited to that time, after which the juvenile court would lose jurisdiction over the juvenile. *See* A.R.S. § 8–202(E)(court retains jurisdiction until child's eighteenth birthday unless probation is terminated prior to that time). In *Frank H.*, the court warned that allowing restitution claims to be submitted beyond the dispositional deadline would unnecessarily delay the juvenile's right to a prompt appeal. 193 Ariz. at 436, 973 P.2d at 1197, 1998 WL 761684. The court also reasoned that, "Because rehabilitation is one of the goals of restitution, allowing restitution claims long after the disposition hearing would render this goal less attainable." *Id.* at 7, at 436, 973 P.2d at 1197, 1998 WL 761684.

¶ 16 The policy concerns expressed in *Frank H.*, however, are simply not present when an order of restitution, previously

---

appeal time for the original disposition order had run. Nor did *Eric L.* address the possibility that the restitution order may be separately appeal-

able under the analogous principles in the criminal context, set forth in *State v. French*, 166 Ariz. 247, 248 n. 1, 801 P.2d 482, 483 n. 1 (1990).

agreed upon by the juvenile and noted in the initial disposition order, is subsequently imposed during the term of the juvenile's one year probation. The juvenile is not delayed in his ability to appeal from the initial disposition, and is afforded a separate right of appeal from the subsequent modification order imposing the amount of restitution as a term of probation. The victim cannot bring a claim for restitution after the juvenile court has lost jurisdiction after the juvenile's successful completion and termination of probation. Additionally, the rehabilitative goal of restitution is met by allowing imposition of that requirement during the period of the juvenile's probation rather than foreclosing it entirely.

¶ 17 This procedure affords the juvenile a timely appealable initial disposition that promptly begins his rehabilitative treatment. At the same time, the victim is afforded an adequate opportunity to compute accurately and fully the economic value of the loss. We can foresee many situations in which the victim would be unable to ascertain a specific amount of restitution in the time specified by the juvenile court's necessarily short initial dispositional "deadline." For example, if injuries requiring medical treatment were involved, the valuation of the victim's economic loss might not be readily apparent within such a limited period of time as the thirty days allowed in this case and the seven to forty-five days allowed in the *Frank H.* appeals. In the interests of providing the juvenile with a prompt disposition, we should not foreclose entirely the victim's right to be compensated, particularly when the juvenile has agreed to pay restitution up to a capped amount, and has been placed on a reasonably short period of probation.

¶ 18 The effect of our approach, as opposed to the approach adopted in *Frank H.*, is to place the burden on the juvenile to make any objection to a subsequent order of restitution by appeal from that order, rather than to require the victim, or the state on behalf of the victim, to assert that the juvenile court abused its discretion in imposing a deadline foreclosing future restitution as "unreasonable" under the victim's circumstances. *See* 193 Ariz. at 437, 973 P.2d at 1198, 1998

WL 761684. We believe, in light of the goals of restitution as both rehabilitative to the juvenile and compensatory to the victim, that this is where the burden belongs.

¶ 19 The Arizona Constitution confers on crime victims the right to receive prompt restitution from the person that caused the victim's loss. Ariz. Const. art. 2, § 2.1(A)(8). The entire statutory scheme regarding juvenile restitution indicates the clear intent of the legislature that the victim of a delinquent offense be reimbursed. For example, if restitution has been ordered while the juvenile is on probation, the juvenile court is authorized to extend the period of probation for more than one year if restitution has not been made. A.R.S. § 8–544(B)(5). The court retains jurisdiction until the juvenile's eighteenth birthday to modify the manner in which restitution is made, after which time judgment for the balance remaining due shall be entered in favor of both the state and the victim. A.R.S. § 8–344(A). More recently, provisions have been added for restitution liens on the property of a juvenile or the parent of a juvenile. A.R.S. § 8–251, effective July 1, 1998. Victims have been extended statutory rights to recover for juvenile offenses. A.R.S. §§ 8–381 to 8–418. Among those protections is the following:

> The rights and duties continue to be enforceable pursuant to this article until the final disposition of the charges, ... all postadjudication release, review and appellate proceedings and the discharge of all proceedings related to restitution. If a delinquent is ordered to pay restitution to a victim, the rights and duties continue to be enforceable until restitution is paid or a judgment is entered in favor of the victim. . . .

A.R.S. § 8–383. Additionally, a victim is afforded the right of notification of a probation modification that affects restitution. A.R.S. § 8–396(B).

¶ 20 In light of all these provisions and their clear intent to afford restitution to the victim whenever possible, we conclude that the juvenile court has the authority to modify the terms of probation to impose a specific amount of restitution when and if that

amount becomes ascertainable during the period of the juvenile's probation, in an amount not exceeding what the juvenile has agreed to pay, after notice and a hearing, despite its indication to consider the issue "closed" for purposes of entering a timely initial disposition order by June 10, 1998. To the extent this is inconsistent with the holding in *Frank H.* that a procedural disposition deadline may foreclose a victim from asserting a statutory right to restitution during the juvenile's probationary period, we disagree in part with that opinion.

¶ 21 For the foregoing reasons, we affirm the juvenile court's order, as clarified by this decision.

CECIL B. PATTERSON, JR., Judge, and SUSAN A. EHRLICH, Judge, concur.