990 P.2d 663

### In re DEVON G.

### No. 1 CA–JV 98–0109.

Court of Appeals of Arizona, Division 1, Department E.

April 15, 1999.

Review Granted Oct. 26, 1999.

Richard M. Romley, Maricopa County Attorney by Patricia Nigro, Deputy County Attorney, Phoenix, Attorneys for Appellant.

Law Office of Patricia O'Connor by Patricia O'Connor, Phoenix, Attorney for Appellee.

## OPINION

THOMPSON, Presiding Judge.

¶ 1 The state appeals from the juvenile court's denial of the state's motion for a restitution hearing. For the following reasons, we reverse the holding of the juvenile court.

### FACTUAL AND PROCEDURAL HISTORY

¶ 2 On November 7, 1997, the state filed a petition alleging that Devon G. (juvenile) had committed one count of criminal damage and one count of curfew violation. On January 22, 1998, juvenile admitted to the charge of criminal damage, and he agreed to pay restitution in an amount not to exceed $10,-000.00. At the disposition hearing on March 5, 1998, the court placed juvenile on probation and ordered that he pay $312.36 to the one victim who had presented a timely claim.

¶ 3 One week later, the state discovered that two other victims were requesting claims totaling $412.35. The state filed a motion for a restitution hearing. The juvenile court denied the motion as untimely. The state timely appealed. This court has

jurisdiction pursuant to Rules 24 through 29, Rules of Procedure for Juvenile Court.

## DISCUSSION

¶ 4 This court will not disturb the juvenile court's disposition absent an abuse of discretion. *See Maricopa County Juvenile Action No. JV–510312*, 183 Ariz. 116, 118, 901 P.2d 464, 466 (App.1995). Because the juvenile court abused its discretion in denying the state's motion for a restitution hearing, we reverse.

¶ 5 A juvenile court is required "[t]o make full or partial restitution to the victim." Ariz.Rev.Stat. Ann. (A.R.S.) § 8–241(D)(1)(Supp.1997). Further, a "court shall require the convicted person to make restitution to the person who is the victim of the crime." A.R.S. § 13–603(C). Victims do not waive their right to restitution by failing to contact the court in a timely manner. *See State v. Steffy*, 173 Ariz. 90, 93, 839 P.2d 1135, 1138 (App.1992).

¶ 6 In *State v. Contreras*, 180 Ariz. 450, 452, 885 P.2d 138, 140 (App.1994), this court held that a trial court may modify probation to impose restitution *after* probation is ordered and in the absence of grounds supporting revocation. Specifically, this court upheld the trial court's imposition of restitution to victims who did not respond to the court in a timely manner. *See id.* at 454, 885 P.2d at 142.

¶ 7 Juvenile attempts to distinguish *Contreras* in two ways. First, he argues that in *Contreras*, the trial court "made specific provisions for claims of economic loss should they be subsequently raised." This is a misstatement of the case. At the change of plea hearing, the trial court in *Contreras* simply noted that, "[i]f there was any economic loss suffered by the victims, I will be requiring you to pay restitution." *Id.* at 452, 885 P.2d at 140. The trial court capped Contreras's restitution at $1,000.00. *See id.* The court subsequently accepted untimely claims from the victims, but maintained the previous $1,000.00 limit. *See id.* at 452–53, 885 P.2d at 140–41. This case presents identical circumstances. When juvenile signed his plea agreement, he acknowledged a duty to pay restitution. While the plea agreement specifically noted a claim for $312.36, the agreement generally capped juvenile's restitution at $10,000.00. The state subsequently received two additional claims totaling $412.35. This was easily within the $10,000.00 limit established by the plea agreement. The trial court abused its discretion in denying the state's request for a restitution hearing.

¶ 8 Second, juvenile argues that in *Contreras*, the defendant stipulated that he understood that the terms and conditions of his probation were subject to modification. This, however, does not distinguish *Contreras* at all. Modification of probation is typical in juvenile cases, since the juvenile court retains jurisdiction "until the child attains the age of eighteen." A.R.S. § 8–250(A) (Supp.1997). A court must use its discretion to "modify or add to the conditions of probation 'at any time prior to the expiration or termination of the period of probation.'" *Contreras*, 180 Ariz. at 453, 885 P.2d at 141 (quoting *State v. Foy*, 176 Ariz. 166, 168, 859 P.2d 789, 791 (App.1993)). Juvenile's attempts to distinguish *Contreras* are not persuasive.

¶ 9 This court has had two recent occasions to discuss the application of *Contreras* in juvenile proceedings. In *In re Frank H.*, 193 Ariz. 433, 973 P.2d 1194 (App.1998), *review denied*, March 23, 1999, another panel of this court affirmed the juvenile court's refusal to order restitution which was requested after deadlines set by the trial judges. Reasoning from the opinion in *In re Eric L.*, 189 Ariz. 482, 943 P.2d 842 (App. 1997), *review denied*, September 16, 1997, holding that a juvenile disposition is not final for purposes of appeal until mandatory restitution is awarded, the panel concluded that cutting off restitution claims was necessary to preserve the juvenile's right to appeal. *See Frank H.*, 193 Ariz. at 436, 973 P.2d at 1197. Remarking that it was in the "unique nature of the juvenile justice system" that only final orders are appealable and the disposition is not final until restitution is ordered, the panel held that restitution deadlines were justifiable to avoid nullification of "juveniles' statutory rights to appeal." *Id.* at 436, 973 P.2d at 1197. We observe here that

the holding in *Eric L.* that the final, appealable order is that which orders restitution is based on the fact that restitution is mandatory in juvenile proceedings. 189 Ariz. at 484, 943 P.2d at 844. Of course, restitution is also mandatory in adult proceedings, *see* A.R.S. § 13–603(C), and thus juvenile proceedings are not unique in this respect. The *Frank H.* analysis, if also applied in adult criminal cases, would result in a significant diminution in the enforceability of the constitutional right of victims to receive restitution.

¶ 10 In *In re Alton D.*, 193 Ariz. 98, 102–03, 970 P.2d 452, 456–57 (App.1998), however, yet another panel of this court limited *Frank H.* so that restitution deadlines do not cut off the rights of victims later to seek restitution by way of a modification of the terms of probation, as in *Contreras.* Any restitution order after the deadline is separately appealable. *See id.* at 102, 970 P.2d at 456. We find the analysis in *Alton D.* persuasive, as it effectually determines the appealability of juvenile court dispositions in a manner that is consistent with both the right of juveniles to appeal and the right of victims to obtain restitution. In addition, because any modification of juvenile probation to allow a subsequent restitution order would require notice and a hearing, *see Pinal County Juvenile Action No. J–169*, 131 Ariz. 187, 189, 639 P.2d 377, 379 (App.1981), the rights of all parties in such modification proceedings are effectuated.

¶ 11 The court in *Alton D.* noted that, because the juvenile therein had agreed to pay restitution, his case was different from several of the cases consolidated in *Frank H.*, in which there was no such agreement. *See Alton D.*, 193 Ariz. 98, 970 P.2d at 454–55. Although the juvenile in the instant case, as in *Alton D.*, agreed to pay restitution, we do not consider this circumstance dispositive. Restitution is mandatory in all juvenile cases, and the enforceability of a victim's right to restitution does not depend upon the juvenile's cooperation, but upon the law and the constitution.

## CONCLUSION

¶ 12 For the foregoing reasons, we reverse the juvenile court's denial of the state's motion for a restitution hearing.

LANKFORD, Judge, Concurring.

¶ 13 I concur in the result. My reasons for reversal differ from those stated in the lead opinion.

¶ 14 In my view, we need only follow our prior decision in *In re Alton D.*, 193 Ariz. 98, 970 P.2d 452 (App.1998). Although *Alton D.* noted that it involved a plea agreement and an agreed restitution cap, those facts are not indispensable. Instead, I agree with the essential underpinning of that opinion, which consists of two propositions: (1) The court may impose deadlines on restitution claims; and (2) The court may also modify a restitution order as an exercise of its power to change the terms of probation. The latter is, as *Alton D.* observed, subject to the protections of due process. This approach protects the rights of both victims and defendants and recognizes that the trial court has some discretion.

¶ 15 Accordingly, I believe that we should reverse and remand to the trial court for it to determine whether the terms of probation should be modified to provide for additional restitution.

NOYES, Judge, Dissenting.

¶ 16 The juvenile and a friend shot BB's at twenty-six parked cars. By the date set for disposition hearing, only one of twenty-six victims had filed a restitution claim. That the State announced "ready" for disposition and did not ask for a restitution hearing to involve more victims in the process suggests prosecutorial ineffectiveness. But *State v. Contreras*, 180 Ariz. 450, 885 P.2d 138 (App.1994), suggests that the court must hold a post-judgment restitution hearing whenever a claim is made, so perhaps the State thought that "ready" was fine here because the court would have to hold a restitution hearing "whenever."

¶ 17 About three weeks after disposition, the State requested a restitution hearing because it had just heard from two victims. If the juvenile's attorney had said "ready" for disposition and then, three weeks later, requested a restitution hearing because she

had just heard from two witnesses, the court would ordinarily deny the request as untimely. That is what the court did here.

¶ 18 But the majority reverses and orders a post-judgment restitution hearing. With three of twenty-six victims having now made a claim, that leaves only twenty-three potential restitution hearings to go—if the rule in Arizona is that the court must hold a post-judgment restitution hearing whenever a claim is made.

¶ 19 Recognizing that this is a complex issue on which reasonable persons can, have, and will disagree while the debate continues, I would affirm the juvenile court for reasons set forth in the *Contreras* dissent, and in the unanimous opinion of *In re Frank H.*, 193 Ariz. 433, 973 P.2d 1194 (1998).