558 P.2d 992

Robert Marshall BURTON, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA. Dorothy Carson, Judge of the Superior Court in and for the County of Maricopa, Donald W. Harris, County Attorney for the County of Maricopa, Maricopa County Probation Department, James ERNST, Adult Probation Officer for Petitioner, Real Party in Interest, State of Arizona, Respondents.

No. 1 CA–CIV 3579.

Court of Appeals of Arizona, Division 1, Department B.

Jan. 6, 1977.

Ross P. Lee, Maricopa County Public Defender, by Michael G. Sullivan, Deputy Public Defender, Phoenix, for petitioner.

Donald W. Harris, Maricopa County Atty., by John C. Lincoln, Deputy County Atty., Phoenix, for respondents.

## OPINION

EUBANK, Judge.

We exercised our discretion and accepted the petition for special action of Robert Marshall Burton in order to determine whether the respondent, Judge of the Superior Court, had acted in excess of her jurisdiction by granting the Maricopa County Attorney's motion to modify the conditions of petitioner's probation on August 4, 1976. It is our opinion that the respondent judge did exceed her jurisdiction and, consequently, the August 4th order must be vacated.

On November 26, 1974, a complaint was filed against the petitioner charging him with the grand theft of a cement mixer. Following the negotiation of a plea agreement, he pled "guilty" to the charge. At the time of sentencing, on April 11, 1975, his sentence was suspended and he was placed on probation for two years. The conditions of his probation were described or "pronounced" by the trial judge to the petitioner as follows:

. . . The defendant's conduct shall at all times be as a law-abiding citizen. The defendant shall not leave the State of Arizona or change place of residence without first securing approval of the probation officer. The defendant shall report to the probation officer at least once each month in writing or in person as directed and shall report at such other times as may be required by the probation officer or by the Court.

The defendant remain gainfully employed at all times and shall keep the probation officer advised of such employment.

I realize that you do have some debts, however, under the report the probation officer felt that in this instance there should be some reimbursement to the Public Defender's office in this case as far as attorney's fees and I'm going to fix those in the sum of $200.

Ordered that you pay through the Clerk of the Court $200 for services by the Public Defender's office within six months from this date, said payments to be made through the Clerk of the Court. The Court will at this time hand you a copy of these conditions and regulations and ask that you sign same acknowledging receipt thereof.

These conditions were reduced to writing and signed by both the judge and petitioner.

A year and three months later, on July 6, 1976, the Maricopa County Attorney filed *State's Petition To Modify Conditions of Probation.* The petition requested that the court modify defendant's (petitioner here) probation to include a just amount of restitution to the victim for the loss of his cement mixer, and to extend the probation period to a point-in-time when defendant

could make restitution. No allegations were made that petitioner had either violated any of the terms of his probation, or had engaged in any wrongdoing whatsoever. The probation officer did not join in the petition.

The hearing was held on August 3, 1976, before a judge, different from the sentencing judge, who after taking the matter under advisement, ruled in favor of the County Attorney's petition, and modified the petitioner's conditions of probation by adding to the last paragraph the probation conditions:

". . . and reimburse the victim for the mixer by payment in the amount of $765.00 to be paid through the Clerk of the Superior Court of Maricopa County, at the rate of no less than $85.00 per month, beginning with the month of August 1976, and continuing until paid in full."

■ Petitioner here relies exclusively on Rule 27.2, Rules of Criminal Procedure, 17 A.R.S., which provides:

A probation officer may modify or clarify any regulation which he has imposed. The sentencing court may modify any condition which it has imposed and any regulation imposed by a probation officer. A probationer or a probation officer, at any time prior to absolute discharge, may request the sentencing court to modify or clarify any condition or regulation. The sentencing court may, where appropriate, hold a hearing on such request. A written copy of any modification or clarification shall be given to the probationer.

He argues that Rule 27.2 permits only the probation officer to petition for a modification of probation and not the County Attorney. We disagree. The second sentence authorizes the sentencing court to modify any condition it or the probation officer has imposed. The manner in which information is brought to the attention of the sentencing court is not limited by the rule, nor, in our opinion, should it ever be. The County Attorney, of course, agrees and points out that A.R.S. § 13–1657.D. expressly permits the sentencing court "at any time during the period of probation [to] revoke or modi-

fy its order of suspension of imposition or execution of sentence." From this the County Attorney argues that it had the authority to bring the restitution matter to the attention of the court, since the statute does not limit its authority to do so. Therefore, the argument continues, the court had the power to modify the probation conditions of the petitioner based on the information before it.

■ As stated above, we do not disagree with the view taken by the County Attorney as to his authority; our only concern here is that neither the petition to modify nor the evidence introduced at the hearing showed any changed circumstance or any reasonable basis justifying the addition of a new condition for probation. Restitution or non-restitution was decided at the time of sentencing and nothing new—no new event—was alleged or established at the hearing. In our opinion such an allegation and proof is necessary.

The purpose of Rule 27.2 is set forth in our Supreme Court's *Comment* to the rule:

This provision is included to protect the probationer from arbitrary conditions or regulations, to provide a formal means short of violation and revocation proceedings for the probationer to have ambiguous conditions or regulations clarified, to provide added flexibility to the probation process, see ABA, Standards Relating to Probation § 3.3 (Approved Draft, 1970), and, on the suggestion of probation officials, to provide a means for invoking the authority of the court when the probationer seems to be slipping toward revocation without risking that ultimate sanction. Ariz.Rev.Stat.Ann. § 13–1657(D) (Supp.1972) gives the sentencing court the power to modify the terms of probation.

An oral modification can go into effect immediately, but before it is reduced to writing and given to the probationer it cannot serve as a basis for revoking probation. See Rule 27.7(d).

The Rule and the Comment reflect the public policy expressed by our legislature in A.R.S. § 13–1657(D):

The court may at any time during the period of probation revoke or modify its order of suspension of imposition or execution of sentence. It may at any time, when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation warrants it, terminate the period of probation and discharge the person so held, and in all instances, if the court has not seen fit to revoke the order of probation and impose sentence or pronounce sentence, the defendant shall, at the end of the term of probation, be discharged by the court.

The case law fully supports the statutory vesting of wide discretion in the trial judge to revoke or modify the terms of probation for any reasonable reason. In *State v. Bates*, 111 Ariz. 202, 526 P.2d 1054 (1974), our Supreme Court, in discussing revocation of probation, said:

A proceeding for the revocation of probation is not subject to the same rules as a trial on the merits; to remain free under a suspended sentence is not a right but a matter of discretion with the court. *State v. Washington*, 5 Ariz.App. 400, 427 P.2d 381 (1967). It is enough for the court to have a "reason to believe" that the individual is "violating the conditions of his probation, or engaging in criminal practices." A.R.S. § 13–1657(B). This reason is established by a preponderance of the evidence. *State v. Pietsch*, 109 Ariz. 261, 508 P.2d 337 (1973). (111 Ariz. at 204, 526 P.2d at 1056).

The wide discretion to modify or revoke probation is, of course, limited by the rule of reasonableness. A reasonable basis must exist in order for the trial judge to either modify or revoke the terms of probation. This is necessary because of the nature of the sentencing process, where, following a guilty plea or conviction of a crime, the trial judge has the duty to sentence the defendant. A.R.S. § 13–1642, Rule 26.10, Rules of Criminal Procedure, 17 A.R.S.

When probation is deemed appropriate, A.R.S. § 13–1657 permits the trial judge, in lieu of sentence, to suspend the imposition of sentence and place the defendant on probation under terms and conditions set by the judge. Either route, sentence or suspended sentence and probation, is final and appealable at the time of its "pronouncement" by the court. Rule 26.16, Rules of Criminal Procedure, 17 A.R.S. *State v. Fuentes*, 26 Ariz.App. 444, 549 P.2d 224 (1976), approved 113 Ariz. 285, 551 P.2d 554 (1976). Where sentence is suspended and the defendant is placed on probation on certain specific terms and conditions, those terms and conditions are fixed pending an event which constitutes a reasonable basis to change them. (In *Fuentes*, for example, the defendant committed another crime in violation of his condition to be law abiding). The exceptions to this are set out in the Comment to Rule 27.2, supra, and relate primarily to circumstances which benefit the probationer. Where additional burdens are imposed on the probationer, such as additional restitution, as in this case, the record must contain evidence that the probationer violated a condition of probation upon which to base the burden. The new burden is then imposed in lieu of revocation. A.R.S. § 13–1657. The failure to seek the additional condition of probation more than a year and a half after "pronouncement" does not constitute a reasonable basis, in our opinion.

We hold that the trial judge abused her discretion and exceeded her jurisdiction by granting the County Attorney's motion to modify under these circumstances. The order of August 4, 1976, is therefore vacated. The funds deposited by the petitioner in the registry of the court pursuant to the August 4, 1976, order should be returned to him. This matter is remanded to the trial court for that purpose.

SCHROEDER, P. J., and WREN, J., concur.