870 P.2d 407

**STATE of Arizona, Appellee,**

v.

**Luis Madrid HOLGUIN, Appellant.**

**No. 1 CA–CR 92–1137.**

Court of Appeals of Arizona,
Division 1, Department A.

May 4, 1993.

Review Denied April 6, 1994.

Dean W. Trebesch, Maricopa County Public Defender by Paul C. Klapper, Deputy Public Defender, Phoenix, for appellant.

## OPINION

EHRLICH, Judge.

Luis Madrid Holguin ("defendant") appeals from the revocation of his probation and the sentence imposed. For the following reasons, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

The defendant pled guilty to one count of driving while under the influence of intoxicating liquor while his license was suspended, revoked, refused or cancelled, a class 5. felony. The trial court entered judgment against him, suspended the imposition of sentence and placed him on probation for three years. In addition, it ordered the defendant to pay a $500 fine and $185 surcharge. Although the parties stipulated in the plea agreement that restitution in an amount not to exceed $5000 was required, none was imposed as a part of the disposition.[1]

The state subsequently filed a petition to revoke the defendant's probation, to which he responded by admitting that he had violated its terms. The trial court sentenced the defendant to the presumptive two-year prison term, with credit for 249 days served. It also ordered him to pay restitution of $4736.18, dividing it between the victim and the victim's insurance company. The defendant timely appealed.

## DISCUSSION

The only issue on appeal is whether restitution, which the trial court did not impose on the defendant when it suspended the imposition of sentence, subsequently could be ordered when probation was revoked and the defendant sentenced to a prison term. The defendant argues that the court erred when it belatedly ordered the payment of restitu-

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

1. The defendant appealed from his conviction and disposition. The state says that the defendant requested dismissal of his appeal. While the record does not contain supporting documentation, it does show that the appeal was dismissed on May 8, 1991, upon the defendant's motion.

tion. While he acknowledges that the first disposition was illegal to the extent that it did not include an order of restitution for the losses sustained by the victim and the victim's insurance company as required by Ariz. Rev.Stat.Ann. section ("A.R.S. §") 13–603(C), he maintains that the court lacked jurisdiction to "correct" the sentence because it failed to do so within the time provided by Arizona Rule of Criminal Procedure ("Rule") 24.3 and argues that the state waived the issue because it neither objected to the lack of restitution in a timely manner nor appealed from the illegal sentence after it was imposed.

■ The trial court is required to impose restitution to reimburse the victim for the full amount of his economic loss. A.R.S. § 13–603(C). Although the statute is silent as to when restitution must be assessed, generally it is ordered at the time of sentencing. *State v. Scroggins,* 168 Ariz. 8, 9, 810 P.2d 631, 632 (App.1991); *see State v. Moore,* 149 Ariz. 176, 177, 717 P.2d 480, 481 (App. 1986) (restitution cannot be imposed independently of sentencing); *State v. Cummings,* 120 Ariz. 69, 71, 583 P.2d 1389, 1391 (App. 1978) (restitution is part of sentencing process). Nevertheless, the court must have sufficient evidence at that time upon which to base an order of restitution. *Cf. Scroggins,* 168 Ariz. at 9, 810 P.2d at 632.

The record in this case shows that when the court suspended the imposition of the defendant's sentence, it was aware of the victim's economic loss but lacked evidence sufficient to support a restitution order. Indeed, it stated at the first sentencing hearing that it had considered the defendant's agreement to pay restitution but that there was no victim present nor information available regarding the exact amount of loss. The court did not preclude the imposition of restitution, however, despite its inability to order payment in a certain amount.

Subsequently, at the probation revocation arraignment, the court informed the defendant that if there had been an economic loss

to the victim, it must impose restitution.[2] The probation violation report then explained that at the time of the first disposition, the victim had been in Saudi Arabia but that he since had been contacted and that his loss from the defendant's actions was $4736.18. During the disposition hearing, the state recommended that the court impose restitution of $500 to the victim and $4236.18 to his insurance company. Despite defense counsel's objection to the imposition of restitution when none had been imposed at the first disposition, the court ordered the defendant to pay restitution in the requested amount plus other mandatory assessments of $188.

The defendant always had notice of his financial obligation to the victim, as memorialized in the plea agreement. Although the trial court was unable to ascertain the amount at the original disposition, it did not foreclose the imposition of restitution. The singular nature of probation simply allowed for the delayed imposition of restitution as a matter of a later disposition. As explained by the Arizona Supreme Court in *State v. Muldoon:*

> With probation, the imposition or execution of sentence is suspended or deferred to some future date, in order that the conditions of probation may be performed. If the conditions are performed, the court need not impose the sentence because the defendant has proven himself or herself worthy not to suffer such sentence. If the conditions of probation are not performed, however, the court may vacate the order suspending the imposition of sentence, and then impose sentence, including such sanctions as it might have in the first instance.

159 Ariz. 295, 298, 767 P.2d 16, 19 (1988).

■ In effect, when a court suspends a sentence, it retains jurisdiction over that individual's punishment until the probationary term is completed or a prison sentence subsequently imposed. *See id.* Accordingly, a defendant placed on probation is informed, as was the defendant in the present case, that failure to comply with the written terms of

---

2. Given the posture of this case, we need not speculate whether, once the information regarding the loss to the victim became available, the terms of probation could have been modified to

incorporate restitution. Also, this is not a case in which the defendant caused economic loss to the victim as a result of violating the terms of his probation.

**592**

probation may result in its termination and a prison term within the statutory range provided for the criminal offense of which he was convicted. *See State v. Everhart,* 169 Ariz. 404, 406, 819 P.2d 990, 992 (App.1991). Because to order probation is to suspend the imposition of sentence, a defendant whose probation has been revoked is essentially in the position of never having been sentenced. It follows then that the assessment of restitution at a sentencing proceeding after the failure to complete a suspended sentence is appropriate.

In response to the defendant's contentions that the trial court lacked jurisdiction to "correct" his illegal sentence and that the state waived any challenge because of its failure to cross-appeal, we would agree if the defendant had received a prison term following his conviction. If this were the case, the state could have objected to the trial court's failure to impose restitution and the court could have continued sentencing to allow the state an opportunity to gather more information about the victim's loss. Further, the state could have moved, pursuant to Rule 24.3, for correction of the sentence, which was illegally lenient without the restitution order. *See State v. Suniga,* 145 Ariz. 389, 393, 701 P.2d 1197, 1201 (App.1985) (sentence unlawful if not within statutory provisions); *see also* A.R.S. § 13–603(C). Finally, the state could have filed a notice of cross-appeal from the illegal sentence, *see* A.R.S. § 13–4032(6); Rule 31.3, and this court properly could have considered the error. *State v. Dawson,* 164 Ariz. 278, 280–81, 792 P.2d 741, 743–44 (1990). In any event, unlike probation, absent legal error, the sentence would have been final. However, this is not the present case. In this case, the term of the suspended sentence was not successfully completed and restitution properly was imposed upon sentencing.

 In addition to his specific claim of error, the defendant also appeals generally from the revocation of his probation and sentence. Because he does not set forth any issues, however, *see* Rule 31.13(c)(1)(iv), absent fundamental error, he has waived any claim on appeal. *E.g., State v. Carver,* 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989).

 This court, pursuant to A.R.S. § 13–4035, has fully reviewed the record and finds no fundamental error. The record demonstrates that the defendant was represented by counsel at all stages of the proceedings and on appeal. The probation revocation and sentencing were conducted in full compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure, and the defendant was advised of all rights therein provided.

The probation revocation and sentence are affirmed.

CONTRERAS and KLEINSCHMIDT, JJ., concur.