885 P.2d 138

**STATE of Arizona, Appellee,**

v.

**Joseph Michael CONTRERAS, Appellant.**

**No. 1 CA–CR 92–1857.**

Court of Appeals of Arizona,
Division 1, Department C.

May 17, 1994.

Review Denied Dec. 20, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, Joseph T. Maziarz, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for appellant.

## OPINION

EHRLICH, Judge.

Joseph Michael Contreras ("defendant") pled guilty to first-degree criminal trespass, a class 6 undesignated offense, for which two years of probation were ordered. He has appealed from the trial court's later modification of the terms of probation to add a condition that he pay restitution to the victims of his crime. The sole issue presented is

whether a trial court may modify a defendant's conditions of probation to impose restitution after probation has been ordered and in the absence of any grounds supporting its revocation. For the reasons which follow, we affirm the trial court's order.

### FACTUAL AND PROCEDURAL HISTORY

On June 16, 1992, the defendant entered a written plea of guilty to first-degree criminal trespass. The charge arose from an incident occurring on March 22, 1991, when the defendant went in a window of a neighbor's home and several items of electronic equipment later were found to be missing. The plea agreement provided that "[r]estitution of economic loss to the victim ... [is] required" and stipulated that "[r]estitution, if any, [is] not to exceed $1000.00." The defendant further stipulated that he fully understood that, if he were "granted probation by the court, the terms and conditions thereof are subject to modification at any time during the period of probation." At the change-of-plea hearing, the following exchange also took place:

> The Court: If there was any economic loss suffered by the victims, I will be requiring you to pay restitution. I see you are agreeing to pay up to $1,000 for that economic loss. Is that your understanding?
> The defendant: Yes, sir.

The trial court found that the defendant's guilty plea was knowingly, intelligently and voluntarily made, that he understood the nature and range of sentences and other penalties, and that there was an appropriate factual basis for the plea.

The presentence report stated that one of the victims had told the police at the time of the incident that a VCR and cable box were missing and had to be replaced. This victim also had said that her son was missing an electronic mixer board and an 800-watt power amplifier. However, since the victim had not responded to inquiries concerning the value of the missing items, no probationary term regarding the payment of restitution was recommended to the court.

On July 15, 1992, the trial court suspended the defendant's sentence and imposed a two-year term of probation with certain terms and conditions. No restitution payments to the victims were ordered as a condition of probation at that time.

Two months later, the defendant's probation officer petitioned the trial court to modify the conditions of probation to add a term ordering the defendant to pay restitution.[1] The defendant objected, arguing that the victims had waived any right to restitution by neglecting to answer a letter from the Maricopa County Attorney's Office requesting a list of expenses covering the missing items prior to his sentencing. The defendant also contended that the court lacked jurisdiction to modify the probationary terms absent some showing of grounds to revoke probation or other changed circumstances.

The trial court held restitution hearings on November 18 and December 1, 1992, during which one victim testified to economic losses of $220 for a VCR, $110 for a cable box and $200 for wages lost in attending court hearings. Her son reported that the value of his missing equipment totalled $1950. The mother acknowledged having received a letter dated June 22, 1992, from the County Attorney's Office informing her of the defendant's guilty plea and sentencing date, and stating that it would be "helpful" if she could provide a written list and substantiation for all of her losses, that she "probably" would be contacted by an investigator from the probation department, and that it was "very important" that the trial court receive this information prior to sentencing. She could not recall why she had not responded to the ·letter, but denied having received any subsequent calls from the probation department concerning her losses.

■ The trial court found that principles of fundamental fairness required the imposition of restitution and that the plea agreement itself demonstrated the parties' intention that restitution be ordered. It modified

---

1. While the actual petition to modify was not made part of the record on appeal, the trial court's minute entry noting receipt of it, as well as the defendant's response, are part of the record and its contents are not disputed.

the probationary terms to add a condition requiring payment of restitution but felt bound by the $1000 maximum specified in the plea agreement and therefore awarded only $330 to the victim and $670 to her son.[2] The court again suspended sentence and imposed a two-year term of probation to begin on the date of the original judgment, modifying as was necessary the previously-ordered hours of community service to reflect credit for time served and rearranging the defendant's financial obligations on probation so that the restitution payments became first priority. The defendant timely appealed.

### DISCUSSION

The defendant argues that the trial court lacked jurisdiction to modify his terms of probation to add a condition that he pay restitution. He claims that the victims waived their right to restitution by not coming forward prior to sentencing and that the state's failure to appeal the lack of restitution in the original disposition barred the court from disturbing that final judgment. In the alternative, the defendant contends that the trial court abused its discretion in allowing the modification because it imposed a greater burden upon him than the original terms of probation without a reasonable basis. Finally, he claims that the trial court's restitution order was an illegal sentence that violated his right to procedural due process.

The defendant relies on *Burton v. Superior Court*, 27 Ariz.App. 797, 558 P.2d 992 (App.1977), in support of his claims. In *Burton*, the defendant pled guilty to theft of a cement mixer and received a two-year term of probation. The trial court did not impose any restitution as a condition of probation. Fifteen months later, a petition to modify the terms of probation was filed to add a condition that the victim be paid restitution. The trial court granted the modification and extended the defendant's term of probation so that he could make the restitution payments.

This court reversed, finding no reasonable basis to justify the additional condition and held that, when additional burdens are imposed on probation, the record must demonstrate that the petitioner violated a term of probation or other changed circumstances. *Id.* at 800, 558 P.2d at 995.

*Burton* is distinguishable from the present case. Initially, *Burton* does not indicate whether the defendant had agreed as part of his plea agreement to pay restitution. Also, Burton's term of probation was extended whereas this defendant's term of probation remained unchanged. Finally, recent decisions of this court and a constitutional amendment on the subject of restitution have called the holding of *Burton* into question.

A trial court is required by Arizona Revised Statutes Annotated ("A.R.S.") section 13–603(C) to impose restitution to reimburse the victims of crime for their full economic loss. *State v. Foy*, 176 Ariz. 166, 168, 859 P.2d 789, 791 (App.1993); *State v. Holguin*, 177 Ariz. 589, 870 P.2d 407 (App.1993); *State v. Steffy*, 173 Ariz. 90, 93, 839 P.2d 1135, 1138 (App.1992). Although restitution is generally ordered when the suspended sentence is declared, the court must have sufficient evidence upon which to base its restitution order. *Holguin*, 177 Ariz. at 591, 870 P.2d at 409.

When the trial court suspends sentence and orders probation, the sentence is not final. The court retains jurisdiction over the probationary terms and the probationer until the term of probation is successfully completed or until it is revoked and a prison sentence ordered. *Id.;* A.R.S. § 13–603(B). As the defendant knew, A.R.S. section 13–901(C) provides that the trial court may, in its discretion, modify or add to the conditions of probation "at any time prior to the expiration or termination of the period of probation," whether or not probation is revoked. *Foy*, 176 Ariz. at 168, 859 P.2d at 791. In light of this clear statutory statement to the

---

2. Although the transcript of the restitution hearing states that the victim was awarded $300 rather than $330 as noted in the minute entry, a previous discussion on the record, as well as the modified terms of probation, indicate that the trial court intended to award her $330. When we are able to ascertain the trial court's intention by reference to the record, remand for clarification is unnecessary. *State v. Bowles*, 173 Ariz. 214, 216, 841 P.2d 209, 211 (App.1992). We therefore clarify this discrepancy on appeal pursuant to Arizona Revised Statutes Annotated section 13–4037.

contrary, the defendant's argument that his initial probationary terms constituted a judgment which could not be disturbed fails.

■ We next address whether a victim waives the right to mandatory restitution by failing to respond to a letter requesting a valuation of losses. In Arizona, victims of crime have a constitutional right "[t]o receive prompt restitution from the person or persons convicted of the criminal conduct that caused the victim's loss or injury." Ariz. Const. art. 2, § 2.1(A)(8). The letter to the victim here was sent in accordance with A.R.S. section 13–4410(B), which requires the state to inform a victim of the right to make a statement and includes the right to describe the extent of restitution sought. This notice did not, however, substitute for the probation officer's independent duty to contact the victim to determine the financial consequences of the crime as part of the presentence investigation. Certainly this letter, in its precatory wording, was not sufficient to serve as a waiver of the victim's rights should no response from the victim be forthcoming. *See* A.R.S. § 13–4410(D), § 12–253. While the victim admitted to having received a letter from the county attorney's office, she denied having received any calls from the probation department and demonstrated no appreciation that, by not responding to the letter, she would relinquish her right to restitution.

■ Further, this court has held that, even if a victim declines to request restitution, the trial court's obligation to order it is not excused. *Steffy,* 173 Ariz. at 93, 839 P.2d at 1138. The objectives of mandatory restitution include not only reparation to the victim, but also rehabilitation of the defendant. *Foy,* 176 Ariz. at 169, 859 P.2d at 793; *State v. Freeman,* 174 Ariz. 303, 306, 848 P.2d 882, 885 (App.1993); *State v. Iniguez,* 169 Ariz. 533, 536, 821 P.2d 194, 197 (App.1991). "Restitution is not a claim which belongs to the victim, but a remedial measure that the court is statutorily obligated to employ." *Iniguez,* 169 Ariz. at 536, 821 P.2d at 197. Accordingly, the modification of the terms of probation to increase restitution does not constitute an increase in punishment "but rather an increase in a non-punitive aspect of probation directed towards a proper rehabilitative goal and to making the victim whole." *Foy,* 176 Ariz. at 169, 859 P.2d at 792.

■ In this case, the defendant had notice of his obligation to pay restitution from both the written plea agreement and his discussion with the trial court at the change-of-plea hearing. Although the court did not order restitution in the original disposition, nothing in the record precluded it upon the court's subsequent receipt of a valuation of the victims' economic losses. When the victims did come forward, the defendant was given notice and allowed to contest the information they presented at two restitution hearings, satisfying any due process concerns. The trial court found that, despite a "breakdown in communications" in the victims making the amount of their restitution claims known to the court, they were nonetheless entitled to restitution. Given the trial court's continuing jurisdiction over probationary terms until successful completion of probation, the mandatory nature of restitution, and the procedure and facts of this case, the trial court did not exceed its jurisdiction or abuse its discretion in granting the modification of the defendant's terms of probation. We therefore affirm the trial court's grant of the petition to modify the defendant's terms of probation to add a condition that the defendant make restitution payments to the victims of his crime.

TOCI, P.J., concurs.

NOYES, Judge, dissenting.

I respectfully dissent for two reasons: waiver of rights and lack of jurisdiction.

### Waiver of Rights

These victims waived their restitution rights by failing to act despite having notice of the need for action. They received and ignored letters from both the county attorney and the probation office requesting them to contact the probation officer and give information about their losses and their sentencing recommendation. The victims admitted to the court that they received the notice, did

nothing, and had no explanation for why they did nothing.

A.R.S. section 13–804(D) (Supp.1993) requires the probation office to "make reasonable efforts to contact any victim." The victims were in fact contacted in this case, by mail, but they did not respond. The presentence report advises: "As the victim has failed to respond to this officer's request for restitution, no restitution will be recommended to the court." If the court or the county attorney had a problem with the sufficiency of the probation officer's investigation or report, the time to do something about it was prior to sentencing. *See* A.R.S. § 13–804(F) ("If the court does not have sufficient evidence to support a finding of the amount of restitution or the manner in which the restitution should be paid, it may conduct a hearing upon the issue...."); *see also* A.R.S. § 13–804(G) (providing that the restitution order "may be supported by evidence or information introduced or submitted to the court *before sentencing or any evidence previously heard* by the judge during the proceedings") (emphasis supplied).

### Lack of Jurisdiction

Rule 26.16(a), Arizona Rules of Criminal Procedure, provides: "The judgment of conviction and the sentence thereon are complete and valid as of the time of their oral pronouncement in open court." Similarly, the suspension of sentence and imposition of probation is final and complete at the time of pronouncement by the court. *Burton v. Superior Ct.*, 27 Ariz.App. 797, 800, 558 P.2d 992, 995 (App.1977) (citing Ariz.R.Crim.P. 16 and *State v. Fuentes*, 26 Ariz.App. 444, 549 P.2d 224, *approved*, 113 Ariz. 285, 551 P.2d 554 (1976)). Although the court can modify or add to the *conditions* of probation during the term of probation, A.R.S. § 13–901(C) (Supp.1993), it cannot increase the *amount* of court-ordered payments unless defendant has violated probation. *Burton*, 27 Ariz.App. at 800, 558 P.2d at 995.

The majority distinguishes *Burton* on its facts and on grounds that its correctness has been called into question by *State v. Foy*, 176 Ariz. 166, 859 P.2d 789 (App.1993), *State v. Holguin*, 870 P.2d 407 (App.1993), and *State*

*v. Steffy*, 173 Ariz. 90, 839 P.2d 1135 (App. 1992). Although none of these cases discusses *Burton*, I respectfully suggest that two are distinguishable from *Burton* and the other is consistent with it. *Steffy* addresses an insurance reimbursement issue and does nothing to suggest that the court has jurisdiction to order a post-judgment increase in restitution. *Foy* reaches a different result than *Burton*, but *Foy* did not have to reach the jurisdictional issue; it struck a post-judgment increase in restitution on the facts.

*Holguin* is consistent with *Burton*. In *Holguin*, restitution was not ordered at sentencing because the victim was out of contact in Saudi Arabia. 870 P.2d at 409. By the time the defendant was back in court on a petition to revoke probation, the victim was in contact with the court. *Id.* At resentencing, the court imposed restitution and was affirmed on appeal. *Id.*, 870 P.2d at 409. *Holguin* holds that "the assessment of restitution at a sentencing proceeding after the failure to complete a suspended sentence is appropriate." 870 P.2d at 410. *Burton* holds that "[w]here additional burdens are imposed on the probationer, such as additional restitution, as in this case, the record must contain evidence that the probationer violated a condition of probation upon which to base the burden." 27 Ariz.App. at 800, 558 P.2d at 995.

The majority also implies that *Burton* has been called into question by Ariz. Const. art. 2, § 2.1 ("Victims' Bill of Rights"). The Victims' Bill of Rights does many things, but I respectfully suggest that it cannot be fairly construed to change existing law regarding a trial court's jurisdiction on post-sentence restitution issues. A.R.S. section 13–805(A) (Supp.1993), which defines the trial court's post-sentence jurisdiction regarding restitution and other court-ordered payments, provides that "[t]he trial court shall retain jurisdiction of the case for purposes of modifying the *manner* in which court-ordered payments are made until paid in full, or until the defendant's sentence expires." (Emphasis supplied.) Nothing in that statute confers jurisdiction on the court for a post-sentence increase in the *amount* of a court-ordered payment.

I respectfully suggest that we should follow the reasoning and policy expressed in *Burton*. If Appellant is ever resentenced following probation violation proceedings, the trial court can at that time revisit the restitution issue.