NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JIMMY JOSEPH KALETA, *Petitioner,*

*v.*

THE HONORABLE JERRY BERNSTEIN, Commissioner of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Commissioner,*

STATE OF ARIZONA ex rel. WILLIAM G. MONTGOMERY, Maricopa
County Attorney, *Real Party in Interest.*

No. 1 CA-SA 16-0065
FILED 4-12-2016

Petition for Special Action from the Superior Court in Maricopa County
No. CR2009-155110-001 DT
The Honorable Jerry Bernstein, Commissioner

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Office of the Public Defender, Phoenix
By Angela L. Walker
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Jeffrey R. Duvendack
*Counsel for Real Party in Interest*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Samuel A. Thumma joined.

W I N T H R O P, Judge:

¶1        Jimmy Joseph Kaleta ("Petitioner") seeks special action relief from an order of Respondent Commissioner Jerry Bernstein ("Respondent Commissioner") reinstating 500 community restitution hours as a condition of probation.    For the following reasons, we accept special action jurisdiction but deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2        In CR2009-155110-001 DT ("the 2009 case"), Petitioner pled guilty to two felonies:   fraudulent schemes and artifices and forgery, agreeing to a prison term for forgery, and probation for fraudulent schemes and artifices.   In 2010, the court sentenced Petitioner to prison for the forgery offense, to be followed by seven years' probation for the fraudulent schemes and artifices offense.   As a condition of probation, Petitioner was ordered to complete 500 hours of community restitution as directed by the Adult Probation Department ("APD").

¶3        In February 2012, Petitioner was released from prison, and his probation term began.   Petitioner then was indicted in CR2013-003602-001 ("the 2013 case") for offenses that predated the offenses in the 2009 case.   In April 2014, after Petitioner entered a plea in the 2013 case, the court sentenced him to 1.5 years' imprisonment.   The court suspended probation in the 2009 case until his discharge from prison, modified Petitioner's probation grant in the 2009 case from seven to three years, and — mistakenly assuming Petitioner had completed his 500 hours of community service — left blank the box beside the condition imposing community restitution hours.[1]

¶4        In May 2015, Petitioner was released from prison, and his probation in the 2009 case resumed.   In July 2015, the APD submitted a

---

[1]      Petitioner and his counsel had the opportunity at the hearing to correct the court's misunderstanding, but neither did so.

memorandum to the court advising that Petitioner had been ordered to complete 500 hours of community restitution when he was placed on probation in 2010, and asking for a nunc pro tunc order to include that requirement as a condition of Petitioner's probation. In a July 2015 order, Respondent Commissioner directed the APD to "Take Whatever Action Deemed Appropriate," allowing the APD to require the 500 hours of community restitution.

¶5          In November 2015, Petitioner moved to vacate the July 2015 order, arguing the order improperly modified his probation without due process, and improperly delegated court authority to the APD. After full briefing and oral argument, Respondent Commissioner denied Petitioner's motion and reinstated the original 500 hours of community restitution as a condition of probation in the 2009 case. Respondent Commissioner delayed imposition of the order until April 15, 2016, and Petitioner now petitions this court for relief from that order.

## JURISDICTION

¶6          This court may exercise special action jurisdiction when there is no "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a); *see also Burton v. Superior Court*, 27 Ariz. App. 797, 798, 558 P.2d 992, 993 (1977) (accepting jurisdiction and holding the trial court acted in excess of its jurisdiction by modifying probation to include restitution not previously ordered because "[r]estitution or non-restitution was decided at the time of sentencing and nothing new—no new event—was [later] alleged or established"). Accordingly, in exercising our discretion, we accept jurisdiction of the petition.

## ANALYSIS

¶7          Petitioner argues Respondent Commissioner lacked jurisdiction, exceeded his legal authority, and abused his discretion by reinstating the court's original order requiring Petitioner to complete 500 hours of community restitution. To grant relief, we must find the respondent judicial officer abused his discretion or exceeded his jurisdiction or legal authority. *Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, 253-54, ¶ 10, 63 P.3d 282, 284-85 (2003) (citing Ariz. R.P. Spec. Act. 3); *State v. Dean*, 226 Ariz. 47, 50, ¶ 7, 243 P.3d 1029, 1032 (App. 2010) (reviewing for an abuse of discretion a trial court's modification of probation). We defer to the trial court's factual findings, provided they are supported by reasonable evidence. *Twin City Fire*, 204 Ariz. at 254, ¶ 10, 63 P.3d at 285.

**¶8** Citing *State v. Dawson*, 164 Ariz. 278, 286, 792 P.2d 741, 749 (1990), Petitioner suggests the State was required to file an appeal in order to prevent the purported modification to his community service hours from becoming a "final" sentence. Probation, however, is not a sentence. *State v. Muldoon*, 159 Ariz. 295, 298, 767 P.2d 16, 19 (1988). Moreover, notwithstanding Petitioner's suggestion, nothing required the State to seek special action relief. Even assuming the State could have appealed from the April 2014 disposition, Petitioner has not shown Respondent Commissioner lacked jurisdiction to modify, or clarify, Petitioner's probation.

**¶9** "A probationer, probation officer, the State, or other person designated by the court, at any time prior to absolute discharge, may request the court to modify or clarify any condition or regulation." Ariz. R. Crim. P. 27.3. *State v. Contreras* recognized:

> When the trial court suspends sentence and orders probation, the sentence is not final. The court retains jurisdiction over the probationary terms and the probationer until the term of probation is successfully completed or until it is revoked and a prison sentence ordered. As the defendant knew, A.R.S. section 13-901(C) provides that the trial court may, in its discretion, modify or add to the conditions of probation "at any time prior to the expiration or termination of the period of probation," whether or not probation is revoked. In light of this clear statutory statement to the contrary, the defendant's argument that his initial [or any later-modified] probationary terms constituted a judgment which could not be disturbed fails.

180 Ariz. 450, 453-54, 885 P.2d 138, 141-42 (App. 1994) (internal citations omitted).

**¶10** When reviewing the APD's memo, Respondent Commissioner possessed both jurisdiction and authority to grant the request. *See id.* By reinstating the original requirement that Petitioner complete 500 hours of community restitution, Respondent Commissioner simply clarified an omission based on an erroneous assumption at the April 2014 disposition. Contrary to Petitioner's claim, this clarification is not an

"additional burden," but merely an affirmation of a probation term that was never expressly deleted or modified by the court.[2]

¶11 Relying primarily on *Burton v. Superior Court*, 27 Ariz. App. 797, 558 P.2d 992 (1977), Petitioner nonetheless maintains Respondent Commissioner was required to find he violated a condition of his probation before modifying the terms or conditions of that probation. *See id.* at 800, 558 P.2d at 995 ("Where sentence is suspended and the defendant is placed on probation on certain specific terms and conditions, those terms and conditions are fixed pending an event which constitutes a reasonable basis to change them."). *Burton*, however, does not apply here. Unlike Burton, whose probationary period was extended beyond the original two-year probationary period, *see id.* at 798-99, 558 P.2d at 993-94, Petitioner's term of probation was reduced in duration. Moreover, Petitioner has had no additional burdens imposed upon him from the original terms and conditions in the 2009 case, as happened in *Burton*, where restitution was added to the original terms and conditions without a reasonable basis for imposing the new burden. *See id.* at 799-800, 558 P.2d at 994-95. In this case, rather than impose increased terms of probation, Respondent Commissioner simply confirmed the previous order regarding community restitution, which had never been expressly deleted. Accordingly, *Burton* is distinguishable and this case is more akin to *Contreras*, a more recent decision of this court that is instructive.

¶12 In *Contreras*, the defendant entered a plea agreement and stipulated to pay restitution in an amount "not to exceed $1000.00." 180 Ariz. at 452, 885 P.2d at 140. The trial court imposed a two-year term of probation, but did not order restitution payments to the victims at that same time. *Id.* Two months later, the APD petitioned to modify the conditions of probation to add a restitution requirement, and after a hearing, the court did so. *Id.* The issue on appeal was "whether a trial court may modify a defendant's conditions of probation to impose restitution after probation has been ordered and in the absence of any grounds supporting its

_____

[2]     Petitioner relies on *Black v. Industrial Commission*, 83 Ariz. 121, 125, 317 P.2d 553, 555-56 (1957), *overruled on other grounds by Estate of Hash v. Henderson*, 109 Ariz. 174, 177, 507 P.2d 99, 102 (1973), to argue that "a nunc pro tunc order is [per se] inappropriate and an abuse of discretion." The portion of that case cited by Petitioner simply states that a nunc pro tunc order is designed to make the record correspond with the facts and cannot cause an order or judgment *never previously made or rendered* to be placed upon the record of the court. Contrary to Petitioner's premise, however, nothing was "added" to his original terms of probation.

revocation." *Id.* at 451-52, 885 P.2d at 139-40. Contreras argued, just as Petitioner does here, "that the court lacked jurisdiction to modify the probationary terms absent some showing of grounds to revoke probation or other changed circumstances." *Id.* at 452, 885 P.2d at 140. Contreras also argued, as Petitioner does here, that even if jurisdiction existed, "the trial court abused its discretion in allowing the modification because it imposed a greater burden upon him than the original terms of probation without a reasonable basis." *Id.* at 453, 885 P.2d at 141. Contreras relied on *Burton* in support of his claims, *see id.*, just as Petitioner does in his petition.

¶13 Before noting more recent cases had "called the holding of *Burton* into question," *Contreras* distinguished *Burton*, noting it was unclear whether Burton had agreed to pay restitution as part of his plea agreement and that Burton's term of probation was extended, whereas Contreras's term of probation remained unchanged. *Id.* (citing *Burton*, 27 Ariz. App. at 800, 558 P.2d at 995). These same distinguishing features are present here. When placed on probation, Contreras had notice of his obligation to pay restitution, *see id.* at 454, 885 P.2d at 142; similarly, Petitioner had notice of his community restitution obligation when he was placed on probation in the 2009 case, and the trial court has continuing jurisdiction to ensure Petitioner complies with his obligation.[3]

¶14 Petitioner also argues his due process rights were violated by the court's failure to set a hearing before the July 2015 order. Even were we to conclude the failure to set a hearing before the July 2015 order was a denial of due process—and we do not conclude so—any such issue was mooted by the subsequent motion practice, oral argument, and ruling by the court in December 2015.

---

[3] Also, as for the court's form order allowing the APD to "Take Whatever Action Deemed Appropriate," Petitioner provides no direct authority for his claim that particular order is a prohibited delegation of the court's authority, and we conclude that on this record, it is not. The order simply clarified or confirmed a term of Petitioner's probation. *See also generally* Ariz. R. Crim. P. 27.1.

## CONCLUSION

¶**15** For the foregoing reasons, we accept jurisdiction of Petitioner's special action petition but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama