NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RICHARD MORAGA, *Appellant*.

No. 1 CA-CR 15-0441
FILED 9-8-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-124601-001
The Honorable Roland J. Steinle, Judge *Retired*

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Donn Kessler joined.

**C A T T A N I**, Judge:

¶1        Richard Daniel Moraga appeals his convictions and sentences for three counts of aggravated assault.  For reasons that follow, we affirm the convictions, and we affirm the sentences imposed for two of the convictions, but vacate the third sentence and remand for resentencing.

## FACTS AND PROCEDURAL BACKGROUND

¶2        A jury found Moraga guilty of three aggravated assaults stemming from an incident in which Moraga leaned out of a moving car, pointed a gun at three acquaintances, and shouted that he was going to shoot them.  The three victims testified that they were upset and frightened to various degrees by Moraga's actions, and they indicated that, because Moraga had previously lived with them, his actions were particularly upsetting.  During the aggravation phase, the jury found that the crimes were dangerous, and found emotional harm as to the victims in Counts 1 and 2, but not as to the victim in Count 3.  The court sentenced Moraga to three concurrent, aggravated 9.5-year terms of imprisonment.  Moraga timely appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 13-4033.[1]

## DISCUSSION

¶3        Moraga argues that the superior court wrongfully imposed aggravated sentences because the State did not properly allege the emotional harm aggravating circumstance before trial.  Because Moraga did not raise this objection before the superior court, we review only for fundamental, prejudicial error.  *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19–20 (2005).  Fundamental error goes "to the foundation of the case," takes away "a right essential to [the] defense," and is "of such magnitude that the defendant could not possibly have received a fair trial."  *Id.* at ¶ 19 (citation omitted).  To show reversible error, a defendant must establish not only fundamental error, but also resulting prejudice.  *Id.* at ¶ 20.

¶4        Under A.R.S. § 13-701(C), an aggravated sentence "may be imposed only if one or more of the circumstances alleged to be in aggravation of the crime are found to be true by the trier of fact beyond a reasonable doubt [or by the court in the case of prior convictions] or are admitted by the defendant."  Moraga argues that the court erred by

---

[1]        Absent material revisions after the relevant date, we cite a statute's current version.

imposing aggravated sentences for all three counts because the word "alleged" in § 13-701(C) implies that the State must allege the aggravating circumstances before trial, and he claims that the State failed to do so in this case. His argument fails, however, because the State specifically alleged harm to the victims as an aggravating circumstance in the joint pretrial management statement. Moreover, defense counsel offered no objection and expressed no surprise at trial while discussing aggravation phase procedures, including submission of emotional harm to the jury, and defense counsel presented argument on the emotional harm factor that same day. Because Moraga was clearly on notice regarding the alleged aggravating circumstance of harm to the victims, he has not established error, fundamental or otherwise. *Cf. State v. Cropper*, 205 Ariz. 181, 184–85, ¶ 16 (2003) (holding that the failure to provide written notice of aggravating circumstances, as required in capital cases, was not reversible error when the defendant had actual notice).

**¶5**       Although the superior court properly considered emotional harm as an aggravating factor for Counts 1 and 2, the court erred by imposing an aggravated sentence as to Count 3 because the jury did not find emotional harm for that count. During sentencing, the court noted that emotional harm was a "substantial" aggravating factor, and stated that it found "one substantial aggravating factor" as the basis for aggravated sentences on all counts. Because the jury did not find emotional harm as to Count 3, the court improperly used that factor as the basis for an aggravated term for Count 3. *See State v. Bonfiglio*, 231 Ariz. 371, 374, ¶ 14 (2013) (noting that superior court should "clearly articulate at sentencing the factors the judge considered to be aggravating or mitigating and explain how those factors led to the sentence imposed"). "An illegal sentence constitutes fundamental error." *State v. Forde*, 233 Ariz. 543, 574, ¶ 137 (2014).

**¶6**       The State posits that another felony conviction—which Moraga committed before the instant offenses, but to which he pleaded guilty after conviction in this case—could be considered as an alternative aggravating factor to justify the aggravated sentence for Count 3. But under A.R.S. § 13-701(D)(11), a prior conviction can only be used as an aggravating circumstance if "[t]he defendant was *previously convicted* of a felony within the ten years immediately *preceding the date of the offense*." (Emphasis added.) Here, because Moraga was not convicted of the "prior" felony until after the date of the instant offenses, it cannot be used in this case as an aggravating circumstance under § 13-701(D)(11). Although the other felony conviction and emotional harm could be considered under the "catch-all" provision in A.R.S. § 13-701(D)(25), the catch-all provision cannot be used as a basis to impose an aggravated sentence absent another statutory

aggravating circumstance. *See State v. Schmidt*, 220 Ariz. 563, 566, ¶ 10 (2009) (holding that use of the catch-all provision as the sole factor to increase a defendant's statutory maximum sentence violates due process). Accordingly, the court erred by imposing an aggravated sentence for Count 3.

**¶7**        The State correctly notes our authority to correct an illegal sentence without a remand. *See State v. Contreras*, 180 Ariz. 450, 453 n.2 (App. 1994). But we will do so only if we can determine the sentencing court's intention from the record. *See id*. Although the superior court rejected the presentence report's recommendation that Moraga be given a mitigated sentence, the court did so in the context of weighing Moraga's mitigation evidence against an improperly considered aggravating circumstance. Accordingly, we remand to the superior court for resentencing on Count 3, leaving to the court the determination whether to impose the presumptive sentence or a mitigated sentence. *See State v. Price*, 217 Ariz. 182, 186, ¶¶ 17–18 (2007) (remanding case after finding that the trial court improperly relied on an aggravating factor).

**¶8**        Moraga's convictions and sentences are affirmed in all other respects.

## CONCLUSION

**¶9**        For the foregoing reasons, we affirm Moraga's three convictions and the sentences imposed on the first two counts, but vacate the sentence on Count 3 and remand for resentencing.

