NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TONY SHUMENKO GAMBLE, *Appellant.*

No. 1 CA-CR 17-0586
FILED 11-15-2018

Appeal from the Superior Court in Maricopa County
No.  CR2014-002595-001
The Honorable Erin Otis, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jennifer L. Holder
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry Reid
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge Michael J. Brown joined.

_____

**M O R S E**, Judge:

¶1        Tony Shumenko Gamble ["Gamble"] appeals his conviction and sentence for armed robbery, arguing that the restitution order is illegal because the State did not meet its burden in proving that F.H., the recipient of the restitution award, is a victim that suffered economic loss. We review under a fundamental error standard, and because the superior court did not err, we affirm Gamble's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2        Gamble was convicted of armed robbery for his participation in stealing a pendant and chain from a jewelry store. The testimony elicited at trial showed that Gamble planned the robbery and served as a lookout while others carried out the robbery. The stolen goods were valued around $13,500. After the robbery, store employees called F.H., who was at a different location of the store at the time. The police who arrived on scene asked F.H. for surveillance footage, and F.H. provided it for them.

¶3        At trial, F.H. gave testimony that would be consistent with him being either an owner or a manager of the store. He never identified himself as the store owner. However, the detective assigned as case agent referred to F.H. as the store "owner" in her testimony.

¶4        The court ordered, and the probation department prepared, a presentence report pursuant to Arizona Rule of Criminal Procedure 26.4. The presentence report included a victim statement in which F.H. was identified as the store owner. The report stated, "[F.H.], owner of [the jewelry store], is requesting restitution in the amount of $12,995.00 for the stolen jewelry." F.H. was also identified as the owner of the jewelry store in two other sections of the presentence report.

¶5        The court ordered Gamble to pay $12,995, jointly and severally with the other defendants, to F.H., whom the court identified as the "victim" of the crime. Gamble only made a general objection to

restitution, while at the same time admitting that "we . . . understand that the Court may order it . . . ."

¶6        Gamble appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7        On appeal, Gamble argues that there was insufficient evidence to support a restitution order in favor of F.H. because the evidence presented did not establish that F.H. was the owner of the jewelry store. Although Gamble objected generally to restitution, he did not object to the error he argues on appeal, and we therefore review for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) ("Fundamental error review . . . applies when a defendant fails to object to alleged trial error.").

¶8        Under Arizona statute, "If a person is convicted of an offense, the court shall require the convicted person to make restitution to the person who is the victim of the crime . . . in the full amount of the economic loss . . . ." A.R.S. § 13-603(C). The person entitled to restitution is the one that suffered an economic loss. *See State v. Holguin*, 177 Ariz. 589, 591 (App. 1993) ("The trial court is required to impose restitution to reimburse the victim for the full amount of his economic loss."); *State v. Lopez*, 174 Ariz. 131, 140 (1992) ("A trial court may order restitution be paid to others who have indemnified victims for losses caused by criminal acts.").

¶9        When imposing a sentence, the superior court is "entitled to rely on uncontested facts within the presentence report." *State v. Molina*, 211 Ariz. 130, 138, ¶ 29 (App. 2005); *see also State v. Gonzales*, 233 Ariz. 455, 458, ¶ 11 (App. 2013) ("A defendant who fails to object to the contents of a presentence report has waived objections as to the accuracy and completeness of the report."). "Although [a restitution] award may not be 'based on mere speculation,' a trial court may rely on information contained in a presentence report and victim impact statement." *State v. Lizardi*, 234 Ariz. 501, 507, ¶ 22 (App. 2014) (citation omitted). "Whether information in the pre-sentence report is reliable is largely within the discretion of the trial court . . . ." *State v. Moreno*, 153 Ariz. 67, 70 (1986).

¶10        The presentence report repeatedly identified F.H. as the owner of the store. Moreover, at trial, the detective assigned to the case also identified F.H. as the owner of the store. At no time did Gamble object to or contest these statements. Because the unobjected to information in the presentence report provides evidence to support the superior court's

restitution order, we cannot conclude that the superior court abused its discretion.

## CONCLUSION

**¶11** The superior court did not err in awarding restitution to F.H., and we therefore affirm Gamble's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED: AA