NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

IN RE DELINQUENCY OF T.L.

———————————————

No. 1 CA-JV 23-0086
FILED 04-23-2024

———————————————

Appeal from the Juvenile Court in Mohave County
No. S8015JV202200155
The Honorable Aaron Michael Demke, Commissioner

**AFFIRMED AS MODIFIED**

———————————————

COUNSEL

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

Mohave County Attorney's Office, Kingman
By Matthew J. Smith, Jeffrey B. Haws
*Counsel for Appellee*

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Andrew M. Jacobs and Chief Judge David B. Gass joined.

_____

**B R O W N**, Judge:

¶1   Troy[1] appeals the superior court's order adjudicating him delinquent on three counts relating to sexual conduct. We affirm the court's order as modified below.

## BACKGROUND

¶2   In July 2022, the State filed a petition alleging Troy committed eight counts of domestic violence against his half-sister, Claire.

¶3   At the adjudication hearing, 12-year-old Claire testified about three instances when her half-brother Troy engaged in sexual conduct with her. First, she testified that when she was about six years old, Troy took both their clothes off, got on top of her, and touched her "no-no part," which she uses to "go to the bathroom, like pee," with his "no-no square," which he uses to pee.

¶4   Second, Claire testified that when she was about nine years old, she and Troy were cleaning out an SUV when she refused his demand to pull down her pants. Troy then pushed Claire, pulled down her skort, got on top of her, "and did the same thing he did in the last situation we talked about." Claire clarified that by "the same thing" she meant Troy's "no-no part" touched her "no-no part" while they were both naked.

¶5   Claire explained further she had "blacked out a little" when Troy first pushed her "because [she] whacked [her] head" on a device in the SUV, but when she came to, Troy "was on top of [her] and [her] pants were down and his pants were down." Claire then pushed Troy away and tried to climb to the front of the SUV. When she climbed over the center console, however, Troy pulled her skort back down, got on top of her again, and pressed his "no-no part" to hers until her parents walked out a minute or two later to check on them. Claire's father testified that he opened the vehicle door and saw Troy on top of her with his pants pulled down. He

_____

[1]  We use pseudonyms to protect the identities of the juvenile and the victim.

explained that Claire was on her back with her skort pulled down to mid-thigh, and he saw Troy's butt and Claire's genitals.

**¶6**      Third, Claire testified that when she was ten years old, Troy entered the bathroom just after she had showered and while she was still naked underneath her towel.  Although Claire told him, "[N]o, go out of the bathroom while I change," he "just locked the door and got on top of [her]," pulled down his pants, and "did the same thing he did in the previous situations."   Claire specified again that Troy's "no-no part" touched her "no-no part."  She then told Troy to "get off [of her]" but "he didn't."

**¶7**      Although Claire described these three occasions in detail, she also testified that over the course of her lifetime, Troy had rubbed his genitals on hers more than 10 times.  After these encounters, Troy would either bribe Claire to not tell her parents or threaten to hurt her if she did.

**¶8**      Before closing arguments, the State requested amendments on several counts to conform with the evidence presented.  Among these amendments was Count 4, originally charged as sexual conduct with a minor by domestic violence, which concerned the incident in the bathroom about which Claire testified.  The State requested that Count 4 be amended to an attempted offense.  Troy's counsel did not object, and the superior court seemed to grant the request.  After the adjudication hearing, however, the court adjudicated Troy delinquent of sexual conduct with a minor under age 15 by domestic violence (Count 4), attempted sexual conduct with a minor under age 15 by domestic violence (Count 7), and molestation of a child by domestic violence (Count 8).  Troy timely appealed, and we have jurisdiction under Arizona Revised Statute ("A.R.S.") § 8-235(A).

## DISCUSSION

**¶9**      Troy argues the superior court's order finding him delinquent on each of the three counts is not supported by substantial evidence.  In addressing his challenge, we review the evidence in the light most favorable to upholding the adjudication. *In re Jessie T.*, 242 Ariz. 556, 558, ¶ 8 (App. 2017).  We do not reweigh the evidence, and we will reverse for insufficient evidence only when there is a complete absence of probative facts to support the adjudication, or when it is clearly contrary to any substantial evidence. *Id.* (citation omitted).

**¶10**      A person commits sexual conduct with a minor under age 15 by "intentionally or knowingly engaging in sexual intercourse . . . with any person" under that age.  A.R.S. § 13-1405.  "Sexual intercourse" is defined

3

as "penetration into the penis, vulva or anus by any part of the body or by any object or masturbatory contact with the penis or vulva." A.R.S. § 13-1401(A)(4). Molestation of a child is the act of "intentionally or knowingly engaging in or causing a person to engage in sexual contact, except sexual contact with the female breast, with a child who is under 15 years of age." A.R.S. § 13-1410(A). "Sexual contact" is defined as "any direct or indirect touching . . . of any part of the genitals . . . by any part of the body or by any object or causing a person to engage in such contact." A.R.S. § 13-1401(A)(3)(a). Knowingly means "that a person is aware or believes that the person's conduct is of that nature or that the circumstance exists." A.R.S. § 13-105(10)(b).

**¶11** Each of these offenses is a domestic violence offense if the victim and the defendant are siblings or reside in the same household. A.R.S. § 13-3601(A)(1), (4). An attempted offense "concerns a defendant who intentionally commits an act that is 'any step in a course of conduct planned to culminate in commission of an offense.'" *State v. Fierro*, 254 Ariz. 35, 40, ¶ 14 (2022).

**¶12** Troy does not dispute that he and Claire are half-siblings who lived together in the same home, or that she was under age 15 during all the incidents she later recounted.

**¶13** Regarding Count 7, attempted sexual conduct with a minor, Claire testified that Troy twice ignored her rebuffs, forcibly got on top of her, pulled down her skort, and pressed his genitals against hers more than once. The court found this testimony corroborated by Claire's father, who saw Claire's "legs up in the air and [Troy] in between her," while both children had their pants down. The testimony supports a finding that by attempting to forcibly rub his genitals on Claire's, Troy took steps towards the requisite masturbatory contact.

**¶14** As to Count 8, molestation of a child, Claire's testimony supports a finding that Troy engaged in sexual contact with her by touching his genitals to hers while both children had their clothes off. Claire testified this happened on at least ten occasions. She further testified that each time she told Troy that the sexual contact was not okay, he would threaten or bribe her to keep her from disclosing what happened.

**¶15** Relating to Count 4, the record is inconsistent on whether Troy was adjudicated delinquent as to completed sexual conduct with a minor or the attempted offense. The State moved to amend Count 4 as an attempt offense, and Troy's counsel explicitly declined any objection. But

in pronouncing its findings for Count 4, and in the minute entry that followed, the court stated it had adjudicated Troy delinquent of sexual conduct with a minor, with no reference to attempt. Given this conflict, we ordered the parties to provide supplemental briefs addressing whether Count 4 is based on attempted sexual conduct with a minor, and if so, whether substantial evidence supports that attempt finding.

**¶16** Despite asking for clarification, Troy's supplemental brief does not acknowledge the State's request to amend Count 4. And because Troy's counsel at the hearing expressly declined to object to the attempt finding, we conclude the juvenile court adjudicated Troy delinquent as to *attempted* sexual conduct with a minor, and we modify the minute entry to reflect that change. *See State v. Lopez*, 230 Ariz. 15, 18, ¶ 9 n.2 (App. 2012) (modifying a sentencing minute entry that incorrectly noted the defendant was convicted of a completed offense, rather than the attempted offense, when the court was able "to ascertain the trial court's intent from the record"); *State v. Contreras*, 180 Ariz. 450, 453 n.2 (App. 1994) ("When we are able to ascertain the trial court's intention by reference to the record, remand for clarification is unnecessary."); *see also In re James P.*, 214 Ariz. 420, 423–24, ¶¶ 12–17 (App. 2007) (citing *Contreras* while recognizing an appellate court's ability to resolve record discrepancies in the context of a delinquency adjudication).

**¶17** Substantial evidence supports the delinquency finding as to the amended Count 4. The record shows that Troy locked himself in the bathroom with her while she was naked underneath her towel, and ignoring her protests, got on top of her while touching his genitals against hers. The events described in Claire's testimony were sufficient for the juvenile court to conclude that Troy's actions were a step toward committing sexual intercourse or masturbatory contact with Claire. *See State v. Carlisle*, 198 Ariz. 203, 207, ¶¶ 13–15 (App. 2000) (finding that even an offer to engage in sexual conduct was sufficient to sustain a conviction of attempted sexual conduct with a minor); *State v. Fristoe*, 135 Ariz. 25, 31 (App. 1982) (finding a defendant's request for minors to perform sexual acts with him was substantial evidence of attempted sexual conduct with a minor).

**¶18** As a challenge to all three counts, Troy argues Claire's testimony was questionable because (1) her account of what happened and when it occurred was "sketchy," (2) she admitted having blackouts and memory problems, and (3) she "had difficulty telling the truth and . . . had made allegations before against others." Although Claire could not recall with certainty the dates and times of the recounted incidents, she did not

waver about the details of the incidents themselves. Additionally, Claire testified she only blacked out once during the specific incidents she recounted, which occurred momentarily when Troy first pushed her down in the SUV. But she explained the blackout was brief and she was awake when Troy attempted sexual conduct with her again.

**¶19** Based on Claire's testimony, the superior court found that Troy committed the three unlawful acts beyond a reasonable doubt. Troy has not shown there is a complete absence of probative facts supporting those findings and we will not reweigh the evidence. *See In re David H.*, 192 Ariz. 459, 461, ¶ 8 (App. 1998) ("[J]udging the credibility of witnesses and resolving conflicts in testimony are uniquely the province of the trial court."); *State v. Munoz*, 114 Ariz. 466, 469 (App. 1976) ("[A] conviction may be based on the uncorroborated testimony of the victim.").

## CONCLUSION

**¶20** We affirm the superior court's order adjudicating Troy delinquent for Counts 7 and 8. We modify the court's order as to Count 4 to reflect that Troy was adjudicated delinquent for attempted sexual conduct with a minor.



AMY M. WOOD • Clerk of the Court
FILED:  TM