767 P.2d 16

**STATE of Arizona, Appellee,**

v.

**Rick Dale MULDOON, Appellant.**

**No. CR–87–0172–AP.**

Supreme Court of Arizona.

Dec. 15, 1988.

296

Robert K. Corbin, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender, Stephen M.R. Rempe, James L. Edgar, Deputy County Public Defenders, Phoenix, for appellant.

GORDON, Chief Justice.

Appellant, Ricky Dale Muldoon, pled guilty to two counts of attempted molestation of a child in violation of A.R.S. §§ 13–1001, –1410, –3821, and –604.01. He received lifetime probation on count one and fifteen years imprisonment with lifetime parole on count two. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3).

## BACKGROUND

On January 3, 1986, Muldoon molested a four-year-old girl. The State charged Muldoon with two counts of molestation of a child, which is a class 2 felony and a dangerous crime against children. On March 14, 1986, Muldoon entered into a written plea agreement. He pled guilty to count one in exchange for a stipulated, mitigated, minimum sentence of 12 years and a dismissal of count two. In a memorandum decision, the Arizona Court of Appeals remanded the case to the Maricopa County Superior Court for an evidentiary hearing to determine whether Muldoon knew at the time he entered his plea that A.R.S. § 13–604.01(I) required him to be on lifetime parole after serving his sentence.

On March 27, 1987, the Maricopa County Superior Court held an evidentiary hearing, found that Muldoon did not understand the lifetime parole provision, granted his request to withdraw from the plea agreement, and reinstated the original two charges. On May 18, 1987, Muldoon entered into a second plea agreement. He pled guilty to amended charges of two counts of attempted molestation of a child, which is a class three felony and a second-degree dangerous crime against children. The plea agreement stipulated to and Muldoon received lifetime probation without early termination on count one and fifteen years imprisonment with lifetime parole [1] on count two.

Pursuant to A.R.S. § 13–604.01(J), "the sentence imposed on a person by the court for a dangerous crime against children in the first or second degree *shall be* consecutive to any other sentence imposed on the person at any time" (emphasis added).

Ariz.R.Crim.P. 17.2(b) provides:

Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court informing him of and determining that he understands ... the nature and range of possible sentence for the offense for which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute.

Muldoon now claims that he did not voluntarily and intelligently enter his plea of guilty because the trial judge failed to inform him of the mandatory consecutive sentencing requirement. He seeks to have this Court set aside the judgment and sentences imposed, vacate the plea agreement, and reinstate the original charges. The State contends that probation is not a "sentence" and therefore Muldoon received only one sentence. Thus, according to the State, Muldoon did not need to know about the mandatory consecutive sentencing statute in order to enter a valid plea agreement.

## DISCUSSION

The parties filed this appeal directly in this Court. We elected to exercise our discretionary power to accept jurisdiction under Ariz. Const. art. 6, § 5(3). To provide assistance and guidance to members of the Bar in future cases, we note that under A.R.S. § 13–4031, a defendant does not have the right to appeal directly to this Court unless a court actually imposes a sentence of death or life imprisonment. *State v. Shattuck*, 140 Ariz. 582, 584, 684 P.2d 154, 156 (1984). Parties challenging actions involving probation, parole, or a term of imprisonment for less than life shall appeal to the court of appeals. *See* A.R.S. § 12–120.21. Regarding the merits of Muldoon's claim, Rule 17.2(b) provides that the trial judge must inform the defendant of any special conditions regarding sentencing. The mandatory consecutive sentencing provision of A.R.S. § 13–604.01(J) is a special condition for the purposes of Rule 17.2(b).[2]

---

1. Muldoon received lifetime parole pursuant to A.R.S. § 13–604.01(I). The parties have not questioned the validity of the lifetime parole provision, and we are not deciding its validity in this opinion.

2. Cases holding that a defendant need not be informed of the mere possibility of consecutive sentences are distinguishable from this case. *State v. McVay*, 131 Ariz. 369, 373, 641 P.2d 857, 861 (1982); *State v. Gordon*, 125 Ariz. 425, 427–28, 610 P.2d 59, 61–62 (1980). The mere possibility of receiving consecutive sentences is not a

As the State argues, however, there is a difference between a sentence and an order imposing probation. Probation is not a sentence. *State v. Barksdale,* 143 Ariz. 465, 468, 694 P.2d 295, 298 (Ct. App.1984). A sentence is a judicial order requiring a defendant convicted in a criminal case to presently suffer a specified sanction such as incarceration, monetary fine, or both. Probation is a judicial order allowing a criminal defendant a period of time in which to perform certain conditions and thereby avoid imposition of a sentence. With probation, the imposition or execution of sentence is suspended or deferred to some future date, in order that the conditions of probation may be performed. If the conditions are performed, the court need not impose the sentence because the defendant has proven himself or herself worthy not to suffer such sentence. If the conditions of probation are not performed, however, the court may vacate the order suspending the imposition of sentence, and then impose sentence, including such sanctions as it might have in the first instance.

Although the acts required to be performed as conditions of probation may be onerous, they are not criminal sanctions or sentences. They are opportunities to avoid criminal sentencing. Therefore, the terms of probation and the potential results of violations of any terms of the probation need not be included within the warnings required to be given under Rule 17.2(b).

Muldoon received probation on count one and a sentence on count two. Thus, he received only one sentence and the mandatory consecutive sentencing statute did not apply to his case at the time he entered his plea. Because the statute did not apply, there was no error.

We have reviewed the record for fundamental error pursuant to A.R.S. § 13–4035, *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969).

We find none. Accordingly, we affirm the judgment.

FELDMAN, V.C.J., and CAMERON, HOLOHAN and MOELLER, JJ., concur.

special condition. A consecutive sentence mandated by statute, however, is a special condition.