ESPINOSA, Judge:
¶ 1 Joshua Redzinak seeks review of the trial court's order summarily denying his petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P. In that petition, he had argued, amid other claims, that following his convictions for two related crimes, A.R.S. § 13-116 barred the court from ordering that a term of probation for one conviction begin after his release from prison for the other conviction. We will not disturb the court's denial of relief unless it abused its discretion. See State v. Roseberry , 237 Ariz. 507, ¶ 7, 353 P.3d 847 (2015). Redzinak has not shown such abuse here.
Procedural Background
¶ 2 In 2012, Redzinak pled guilty to attempted sexual assault and kidnapping. The trial court sentenced him to a 3.5-year prison term for attempted sexual assault and, for kidnapping, suspended the imposition of sentence and ordered a consecutive, seven-year term of probation. In 2014, Redzinak sought to modify his sentence, arguing the consecutive probation term was improper. The court denied that motion, and we dismissed his subsequent appeal pursuant to Rule 17.1(e), Ariz. R. Crim. P., as well as his attempt to seek review of that ruling pursuant to Rule 32.9(c) because he failed to submit the trial court's ruling on the motion. Redzinak raised the same argument in a subsequent notice of and petition for post-conviction relief, which the court dismissed as untimely. This court denied relief on review. State v. Redzinak , No. 2 CA-CR 2015-0063-PR, 2015 WL 2231999 (Ariz. App. May 13, 2015) (mem. decision).
¶ 3 In 2015, Redzinak pled guilty to aggravated assault with a deadly weapon and, as a result, the trial court found he had violated the terms of his probation. The court continued Redzinak on probation, imposing a seven-year term to commence after he completed a 6.5-year prison term imposed for aggravated assault.
¶ 4 Redzinak sought post-conviction relief from the disposition, and appointed counsel filed a notice stating she had reviewed the record but found no claims to raise under Rule 32. Redzinak then filed a pro se petition repeating his argument that the trial court was not permitted to order the new probation term for the kidnapping to be consecutive to his prison term for attempted sexual assault because the two crimes constituted a single act. He contended he was entitled to raise this claim as a "collateral[ ] attack" on the original judgment "after revocation of probation," because the "reimposition [of probation] or resentence begins the process anew." He also claimed counsel had been *1091 ineffective in failing to raise this argument when the court reinstated probation.
¶ 5 The trial court summarily denied relief, concluding that the revocation of probation does not extend the time to seek review of the "underlying sentence" and, thus, "the time to challenge the original conviction and sentencing under Rule 32 has long since passed." The court also concluded that Redzinak had not been resentenced, and the continuation of probation was merely "a continuation of the earlier sentence." This petition for review followed the court's denial of Redzinak's motion for rehearing.
Discussion
¶ 6 On review, Redzinak repeats his argument that he is permitted to challenge the original imposition of a consecutive probation term. He reasons that his guilty plea for aggravated assault "automatically revokes probation" pursuant to Rule 27.8(e), Ariz. R. Crim. P., thereby allowing him to again challenge the original order imposing a consecutive term of probation which, he contends, violates the protection against double jeopardy.
¶ 7 We first observe that, although Redzinak characterizes his claim in terms of double jeopardy, that doctrine is not implicated because attempted sexual assault and kidnapping are distinct offenses with different elements. See State v. Eagle , 196 Ariz. 188, ¶ 6, 994 P.2d 395 (2000) ("[W]hen statutes describe different offenses, consecutive sentences are permissible without implicating the prohibition against double jeopardy"); see also A.R.S. §§ 13-1304, 13-1406. Instead, Redzinak's argument is best understood as a claim that the probation term imposed for kidnapping violates the prohibition against double punishment, see § 13-116, and, indeed, he characterized it as such in his petition below.[1] Pursuant to § 13-116, "[a]n act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent."
¶ 8 Section 13-116, however, by its plain language, does not apply where, as here, only one sentence has been imposed. See State v. Lambright , 243 Ariz. 244, ¶ 10, 404 P.3d 646 (App. 2017) ("[W]hen interpreting a statute, we must give effect to the legislature's intent, which is best reflected in the statute's plain language."). " Section 13-116 's requirement of concurrent sentences does not prohibit a separate fine and prison sentence for the same illegal act, but does not allow more than one of each for that criminal act." State v. Cook , 185 Ariz. 358, 365, 916 P.2d 1074, 1081 (App. 1995). "Probation is not a sentence." State v. Muldoon , 159 Ariz. 295, 298, 767 P.2d 16, 19 (1988). As our supreme court explained in Muldoon , "A sentence is a judicial order requiring a defendant convicted in a criminal case to presently suffer a specified sanction such as incarceration, monetary fine, or both." 159 Ariz. at 298, 767 P.2d at 19. In contrast, "[p]robation is a judicial order allowing a criminal defendant a period of time in which to perform certain conditions and thereby avoid imposition of a sentence." Id. Thus, because probation is not a sentence, § 13-116 does not prohibit a trial court from ordering a term of probation to run consecutively to a sentence even if the underlying convictions are based on the same conduct. See Cook , 185 Ariz. at 365, 916 P.2d at 1081. Indeed, by law, a term of probation cannot run concurrently to a previously imposed prison term. "If probation is imposed on one who at the time is serving a sentence of imprisonment imposed on a different conviction, service of the sentence of imprisonment shall not satisfy the *1092 probation." A.R.S. § 13-903(E) ; see also State v. Ball , 157 Ariz. 382, 384, 758 P.2d 653, 655 (App. 1988).
Disposition
¶ 9 Because Redzinak's term of probation does not violate double jeopardy or § 13-116,[2] although we grant review, relief is denied.

Because we conclude Redzinak's claim fails on its merits, we need not address the trial court's suggestion that he could not raise the claim because his probation had not been revoked, only continued. But see Ariz. R. Crim. P. 32.1 (permitting of-right proceeding by defendant "who had an automatic probation violation based on a plea of guilty or no contest"); State v. Jimenez , 188 Ariz. 342, 345, 935 P.2d 920, 923 (App. 1996) (assuming modification of probation appealable, pursuant to A.R.S. § 13-4033(A)(3), as post-judgment order affecting defendant's substantial rights). Nor do we consider whether the automatic violation of probation that results from a guilty plea to an unrelated felony, see Ariz. R. Crim. P. 27.8(e), constitutes an "admission" to the violation, precluding review by direct appeal under § 13-4033(B).

We express no opinion whether Redzinak would be permitted to challenge, under § 13-116, a sentence imposed as a result of his probation being revoked.