J-A26004-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PHILLIP GRAYSON, | |
| Appellant | No. 1711 WDA 2017 |

Appeal from the Judgment of Sentence Entered September 19, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003163-2015

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:          FILED DECEMBER 31, 2018

Appellant, Phillip Grayson, appeals nunc pro tunc from the judgment of sentence of an aggregate term of 12 years' probation, imposed after he pled guilty to several sexual offenses committed against his step-granddaughter. Appellant contends the trial court erred when it rejected his request to withdraw his guilty plea, as he ostensibly did not anticipate the nature of the conditions of his probation.  Appellant also contends the trial court erred by imposing a condition of probation that barred him from having contact with his teenage biological children.  After careful review, we affirm.

At his guilty plea hearing, Appellant admitted to the following facts as set forth in the affidavit of probable cause:

> Your affiant, Detective Teresa Gongaware, has been a police officer for approximately 13 years. I have been employed with the

Penn Hills Police Department for 9 years and assigned to the Investigative unit for 3½ years. The information within this affidavit was reported to or observed by your affiant. The victim is a juvenile female, 4 years of age, and will be referred to as JANE DOE. The identity of the victim is known to your affiant and will be made available for any and all court proceedings.

On 9-29-14 at 0900 hours I, Det. Teresa Gongaware, attended the forensic interview of JANE DOE located at the Child Advocacy Center (Children's Hospital of Pittsburgh).

DOE was interviewed by manager Jamie Mesar and observed by myself and Josette Pickens of Allegheny County CYF. Prior to speaking with DOE, we spoke with [JANE DOE's mother, hereinafter, "CF"]. [CF] stated that she dropped DOE off to be watched, on or about Sept. 14th 2014, while she went to work. She identified the residence as the paternal grandparents['] house…. She stated approximately one week after the incident, DOE disclosed that "Pap pap" touched her. [CF] identified "Pap pap" as [Appellant, DOE's step-grandfather]. …

Ms. Mesar then spoke with DOE. When asked, DOE identified why she was present at the interview. DOE stated that she was watched by two other juvenile females, but they no longer take care of her. When asked, DOE stated they no longer take care of her, because their father touched her. When asked, she identifies the actor as "MR. PHIL."

When asked, DOE stated she was playing on a tablet inside the home. [Appellant] told DOE to put the tablet down. DOE did not comply at first, … then [Appellant] said it louder. DOE asked why he wanted her to put it down, he replied "because I want to touch your Coo Coo." When asked, DOE stated she told him no.

When asked, DOE pointed to her genital area and identified it as her "Coo Coo." When asked, DOE stated that it was used to go to the bathroom. When asked, DOE stated [Appellant] touched her under her panties with "his finger." When asked, DOE stated [Appellant] moved his finger around and stuck it "in the Coo Coo hole." When asked, DOE stated she told him to stop and he did. When asked, DOE stated [Appellant] told her not tell anyone. When asked, DOE stated [Appellant] would "kill her family" if she did.

Affidavit of Probable Cause, 10/23/14, at 2.

The Commonwealth charged Appellant with 1) aggravated indecent assault of a child, 18 Pa.C.S. § 3125(b); 2) unlawful contact with minors, 18 Pa.C.S. § 6301(a)(i); 3) corruption of minors, 18 Pa.C.S. § 6301(a)(i); 4) indecent assault of a person less than 13 years of age, 18 Pa.C.S. § 3126(a)(7); and 5) endangering the welfare of children, 18 Pa.C.S. § 4304(a). On September 19, 2016, Appellant entered a negotiated guilty plea to counts 3, 4, and 5. Pursuant to a plea agreement, the Commonwealth agreed to withdraw counts 1 and 2, and the trial court imposed an aggregate sentence of 12 years' probation.[1] The court also imposed special conditions of probation. Inter alia, the court ordered Appellant to have no contact with minors, including his own biological children, and no access to the internet.

Appellant filed a timely post-sentence motion seeking to withdraw his plea on the bases that: 1) "his guilty plea was not knowing[,] voluntary[,] and intelligently entered"; and 2) "defense counsel failed to advise [him] that he would not be able to live with his children, ages 17, 15[,] and 14 after the guilty plea...." Appellant's Post-Sentence Motion, 9/27/16, at 1 ¶3(a)-(b). The trial court denied the motion on December 7, 2016, after a hearing. On

---

[1] At counts 3, 4, and 5, the trial court sentenced Appellant to consecutive terms of 5, 2, and 5 years' probation, respectively.

December 16, 2016, Appellant filed a motion for reconsideration.[2] That motion was denied by order dated January 6, 2017.

Appellant filed an untimely notice of appeal on January 20, 2017. He filed a timely, court-ordered Pa.R.A.P. 1925(b) statement on April 7, 2017, and the court issued a Rule 1925(a) opinion on May 5, 2017. On October 20, 2017, this Court issued a memorandum opinion quashing Appellant's appeal as untimely filed. Appellant filed a motion to reinstate his appeal rights nunc pro tunc on October 27, 2017, which the trial court granted on November 2, 2017. Appellant then filed notice of the instant nunc pro tunc appeal on November 15, 2017. Appellant filed another, court-ordered Rule 1925(b) statement on December 18, 2017, and the trial court issued a new Rule 1925(a) opinion on April 26, 2018.

Appellant now presents the following questions for our review:

1. Did the [t]rial [c]ourt err in rejecting Appellant's request to withdraw his guilty plea where Appellant's plea was entered without the [t]rial [c]ourt giving an adequate explanation of the probation conditions that could be imposed, and where prior trial

_____

[2] Although titled a motion for reconsideration, implying reconsideration of the motion to withdraw his plea, the reconsideration motion actually concerned the court's offer, made at the post-sentence motion hearing held on December 7, 2016, to permit Appellant to have supervised visits with his minor children if he withdrew his motion to withdraw his guilty plea. See N.T., 12/7/16, at 2 (the court's stating it "would have no objection to [Appellant's] seeing his natural children if supervised" and then asking if that would affect Appellant's motion to withdraw his plea); but see id. at 9 (the court's appearing to have retracted the supervised-visits offer, when it stated that Appellant was "not allowed to live in the residence with your children or be in touch with any child under the age of 18") (emphasis added).

counsel provided ineffective assistance in, inter alia, failing to inform Appellant of the potential conditions of probation?

2. Did the [t]rial [c]ourt err in ordering that Appellant have no contact with his biological children as a condition of his probation?

Appellant's Brief at 5.

Appellant's first claim concerns the denial of his motion to withdraw his guilty plea.

> The decision to grant or deny a motion to withdraw a guilty plea rests within the trial court's discretion, and we will not disturb the court's decision on such motion unless the court abused that discretion. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, and/or misapplication of law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

Commonwealth v. Gordy, 73 A.3d 620, 624 (Pa. Super. 2013) (citations omitted).

A trial court should grant pre-sentence motions to withdraw a guilty plea for any fair and just reason, unless they cause substantial prejudice to the Commonwealth. See Commonwealth v. Broaden, 980 A.2d 124, 128 (Pa. Super. 2009). "Conversely, post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. Therefore, a showing of manifest injustice is required to withdraw guilty pleas after imposition of sentence." Commonwealth v. Flick, 802 A.2d 620, 623 (Pa. Super. 2002). Hence, the applicable standard here is whether Appellant can demonstrate that the trial court's denial of his motion to withdraw his guilty plea was an abuse of discretion because it was manifestly unjust.

Appellant contends that

[n]ot only did the [t]rial [c]ourt fail to ensure that Appellant knowingly entered into the plea, but his previous trial counsel offered wholly ineffective assistance, most notably in failing to apprise Appellant as to the significant probation conditions which were likely to accompany his sentence. These conditions—a bar on his use of the internet and [a] bar on contact[ing] his four children—constitute incredibly severe restrictions on Appellant's ability to maintain employment and his family. That he was not informed of the possibility of such harsh conditions rendered his guilty plea unknowing and involuntary, thus serving as a legitimate basis for his request to withdraw that guilty plea, which was erroneously denied by the [t]rial [c]ourt.

Appellant's Brief at 10. Appellant later asserts that he "entered into his guilty plea unknowingly and unintelligently as he had not been adequately informed by trial counsel or the [t]rial [c]ourt about the scope and severity of probation conditions which could accompany his sentence." Id. at 13 (emphasis added).

Thus, we assume it is Appellant's intent to assert two claims, despite having failed to raise them as separate issues in his brief. Regarding the ineffective assistance of counsel aspect of Appellant's argument, this claim must be deferred until Appellant seeks collateral review. In Commonwealth v. Holmes, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its prior holding in Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Holmes, 79 A.3d at 576. The specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in the instant case. See id. at 577-78 (holding that

the trial court may address claim(s) of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review").

Thus, we only review Appellant's claim insofar as he asserts that the trial court failed to sufficiently inform him of the consequences of his plea.

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

Commonwealth v. Fluharty, 632 A.2d 312, 314–15 (Pa. Super. 1993) (citations and quotation marks omitted). However, the "desire of an accused to benefit from a plea bargain is a strong indicator of the voluntariness of his plea. Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing and intelligent." Commonwealth v. Pollard, 832 A.2d 517, 524 (Pa. Super. 2003) (citation omitted).

> When conducting a plea colloquy, the trial court must determine:
>
> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>
> (2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590 (comment).

Notably, none of the at-issue conditions of probation concern these formal plea colloquy requirements. Appellant does not claim to have misunderstood at the time of his guilty plea: the nature of the charges, his right to a jury trial, the presumption of innocence, the permissible range of sentences and/or fines, or the court's ability to reject a plea agreement. Rather, Appellant's claim concerns whether he understood the nature of the conditions of probation that were to be imposed, specifically, the restriction on his internet usage and his ability to have contact with his own minor children. See Appellant's Brief at 13 ("Appellant entered into his guilty plea unknowingly and unintelligently as he had not been adequately informed by ... the [t]rial [c]ourt about the scope and severity of probation conditions which could accompany his sentence.").

The trial court states, and the Commonwealth agrees, that Appellant was aware of these conditions of probation at the time he entered his guilty plea. However, as a threshold matter, we note that Appellant fails to cite any relevant case law indicating that a defendant must be specifically made aware

of the conditions of probation by the court in order to consider the guilty plea valid in terms of whether it was knowingly, voluntarily, and intelligently entered. Appellant does cite to Commonwealth v. Persinger, 615 A.2d 1305 (Pa. 1992), which was a case concerning the ineffectiveness of trial counsel, not a direct challenge to the validity of a guilty plea. Nonetheless, in that case, our Supreme Court determined that the trial court had failed to inform the defendant of the maximum term he was facing if his sentences were imposed consecutively, even though the defendant had been informed of the possible maximum term for each sentence individually. As a result, the Court determined that Persinger's trial counsel was ineffective for failing to file a motion to withdraw his guilty plea "based on the fact that the defendant's guilty plea colloquy was defective because he was not informed that the consequences of his guilty plea included the possibility of consecutive sentences." Id. at 1309.

We do not find Persinger to be analogous to the instant case. While it is clear that a trial court must inform a defendant of the permissible range of sentences, see Pa.R.Crim.P. 590 (comment) ("Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?"), no such inquiry is required into whether a defendant understand the full scope and severity of the conditions of probation that could be imposed. In this sense, at least, probation is not the equivalent of a sentence, as there is no analogous 'range' of probation conditions. Most importantly, our research fails to uncover any case law remotely supporting such a claim; we see no evidence

that a trial court must advise a defendant during a guilty plea of the specific terms of probation it intends to impose at a subsequent sentencing hearing, in order to deem the plea to have been intelligently, knowingly, and voluntarily entered by that defendant.[3]  Instead, we find persuasive the Supreme Court of Arizona's decision to the contrary in State v. Muldoon, 767 P.2d 16 (Ariz. 1988).  In that case, the Arizona Supreme Court held that:

> Although the acts required to be performed as conditions of probation may be onerous, they are not criminal sanctions or sentences.  They are opportunities to avoid criminal sentencing. Therefore, the terms of probation and the potential results of violations of any terms of the probation need not be included within the warnings required to be given [at a guilty plea hearing].

Id. at 19.

We agree with this reasoning.  Appellant's probation conditions, however onerous, do not amount to criminal penalties.  Rather, they are

---

[3] We caution that this does not preclude a claim that trial counsel was ineffective for failing to inform Appellant of relevant conditions of probation that may have affected his decision to enter a guilty plea.  The requirements imposed on attorneys and judges in this regard are not coextensive.  To illustrate this point, in Padilla v. Kentucky, 559 U.S. 356 (2010), the Supreme Court of the United States held that defense counsel's failure to advise a defendant of the immigration consequences of his decision to enter a guilty plea fell below an objective standard of reasonableness, where reasonableness "is necessarily linked to the practice and expectations of the legal community." Id. at 366.  Yet, no appellate court, to our knowledge, has imposed a requirement on trial courts to inform defendants of the immigration consequences of their guilty pleas.  This is not surprising, since the obligations imposed on judges and attorneys involve different constitutional rights and issues.

conditions that, if satisfied, permit Appellant to avoid the more onerous sanction of incarceration. The range of potential probation conditions, therefore, is not analogous to the range of permissible sentences for a given crime. Accordingly, we ascertain no requirement that a trial court inform a defendant of conditions of probation at a guilty plea hearing and, simultaneously, that no manifest injustice resulted from Appellant's plea.[4] As such, we conclude that the trial court did not abuse its discretion when it denied Appellant's post-sentence motion to withdraw his guilty plea.

Next, Appellant argues that the trial court erred by ordering him to have no contact with his children. Before we address the merit of this claim, we must consider the Commonwealth's assertion that this claim has been waived.

The Commonwealth's argument is premised on its characterization of Appellant's claim as a challenge to the discretionary aspects of his sentence. In this regard, Appellant's claim is ostensibly waived for two reasons: 1) Appellant entered a negotiated plea agreement, therefore he cannot challenge any non-jurisdictional defects beyond the legality of his sentence and the validity of his plea, and 2) Appellant failed to include a Pa.R.A.P. 2119(f) statement in his brief. Appellant argues in his reply brief that the probation condition constitutes an illegal sentence. After careful review, we agree with the Commonwealth.

---

[4] By this statement, we do not imply that the trial court should refrain from inquiring whether a defendant is aware of probation conditions, as explicitly as possible, at a guilty plea hearing.

While it is true that "a challenge to the legality of the sentence can never be waived[,]" Commonwealth v. Wolfe, 106 A.3d 800, 801 (Pa. Super. 2014), this Court has previously treated claims regarding no-contact provisions of probation orders as challenges to the discretionary aspects of sentencing, see Commonwealth v. Koren, 646 A.2d 1205 (Pa. Super. 1994) (applying discretionary aspects of sentencing analysis to the defendant's claim that the condition of probation ordering him to have no contact with the victim was unreasonable).[5]  Moreover,

> The phrase 'illegal sentence' is a term of art in Pennsylvania Courts that is applied to three narrow categories of cases.  Those categories are: (1) claims that the sentence fell outside of the legal parameters prescribed by the applicable statute; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in Apprendi v. New Jersey, 530 U.S. 466... (2000).

---

[5] See also Commonwealth v. Yockey, 158 A.3d 1246 (Pa. Super. 2017) (rejecting defendant's assertion that the trial court imposed an illegal sentence where, as a condition of probation, he was prohibited from accessing the internet).  This Court held that Yockey's claim was "a challenge to the discretionary aspects of [his] sentence—not to the legality."  Id. at 1259; accord Commonwealth v. Houtz, 982 A.2d 537, 539–540 (Pa. Super. 2009); Commonwealth v. Hartman, 908 A.2d 316, 319 (Pa. Super. 2006). Nevertheless, there are some probation conditions—not at issue here—that may constitute an illegal sentence.  See generally Commonwealth v. Wilson, 67 A.3d 736 (Pa. 2013) (vacating a probation condition authorizing the warrantless, suspicionless searches of the probationer's home, thereby reversing the Superior Court's decision construing the claim as a discretionary aspects of sentencing issue that had been waived).

Commonwealth v. Munday, 78 A.3d 661, 664 (Pa. Super. 2013) (citations and quotation marks omitted).[6]

Here, the probation condition at issue does not involve any of the three categories of illegal sentencing claims, nor does it implicate our Supreme Court's decision in Wilson. Thus, we are constrained to agree with the Commonwealth that Appellant asserts a challenge to the discretionary aspects of his sentence, not its legality.

Having reached that conclusion, we are bound by the following standards:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. Commonwealth v. Sierra, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> Commonwealth v. Evans, 901 A.2d 528, 533 (Pa. Super. 2006), appeal denied, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

_____

[6] The third category includes claims made pursuant to Alleyne v. United States, 570 U.S. 99 (2013). See Munday, 78 A.3d at 664.

> Commonwealth v. Mann, 820 A.2d 788, 794 (Pa. Super. 2003),
> appeal denied, 574 Pa. 759, 831 A.2d 599 (2003).

Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010).

Here, Appellant did not raise this claim in his initial post-sentence motion. Instead, he claimed that counsel was ineffective for failing to advise him that "he would not be able to live with his children, ages 17, 15 and 14 after the guilty plea because the SOC conditions." Appellant's Post-Sentence Motion, 9/27/16, at 1 ¶ 3(b). Appellant also did not raise any claim that this probation condition was unreasonable or overbroad in his motion for reconsideration. See Appellant's Motion for Reconsideration, 12/16/16, at 2-3. Moreover, our review of the record demonstrates that Appellant did not raise any such claim at his plea/sentencing hearing, nor during his post-sentence motion hearing. Accordingly, we are compelled to conclude that Appellant has waived this issue. Mann, supra.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/31/2018

- 14 -